Arthur S. Hirsch, J.
The petitioner in this article 78 proceeding seeks an order declaring null and void a civil service promotional examination given by respondents for the position of senior motor vehicle referee and to restrain the appointment of any persons pursuant to the list promulgated thereunder. The respondents have cross-moved to dismiss for failure to state a cause of action and failure to exhaust administrative remedies.
The petitioner is an incumbent in the civil service position of motor vehicle referee. For the last two years petitioner has been serving as a provisional senior motor vehicle referee, there having been no list for that title in existence.
In May, 1977 an examination was given for the title of senior motor vehicle referee. Petitioner, as well as approximately 32 other motor vehicle referees, participated in this examination which was given orally by separate groups of examiners at different times.
In addition to questioning the grade that he received on the test, petitioner has challenged the test itself on several grounds. Among the allegations of the petition are that the *524 examiners were unqualified to administer and grade the test; the test was sufficiently unrelated to the position as to make the test invalid; and that there were no objective grading standards or uniformity of oral questions which would assure a truly competitive examination.
Further, petitioner alleges that the announcement of the examination was not in compliance with the Regulations of the Department of Civil Service which require that: "Subjects of examination, the relative weights assigned thereto and the scale of points for creditable seniority and for performance ratings shall be stated in the announcement of examination”. (4 NYCRR 66.1).
A reading of the announcement presented to the court reveals that although three specific subjects of the examination are listed, no schedule of relative weights assigned to each is set forth. A failure to comply with the requirements of section 66.1 of the regulations in promulgating a test announcement has recently been held to render a civil service examination invalid (Matter of Duerbeck [Sheriff of County of Nassau] NYLJ Aug. 4, 1977, p 14, col 4).
The allegation of respondents to the effect that petitioner has not exhausted his administrative remedies is without merit. Petitioner has appealed the grade he received on the examination pursuant to part 55 of the Regulations of the State Civil Service Commission. However, the administrative appeals process is limited to: "only such appeals as clearly demonstrate a manifest material error or mistake appearing in a rating key or scale or in the application of such key or scale to candidate test papers or other records of examination performance or eligibility for appointment and only if such error or mistake affects the eligibility or relative standing of candidates.” (4 NYCRR 55.2).
Where, as here, a candidate for appointment raises questions concerning the validity of the test in its entirety, or the method of administering same, no administrative review is available and thus judicial review may be sought in the first instance (e.g., Matter of Paroli v Bolton, 57 Misc 2d 952).
In view of the foregoing, the petition herein states a valid cause of action and is not barred by a lack of exhaustion of administrative remedies. The cross motion to dismiss must, therefore, be denied and the respondents must answer the allegations of the petition.
Part of the relief sought herein is a stay of appointment *525 from the list promulgated as a result of the within examination, as well as injunctive relief preventing petitioner’s removal as a provisional senior motor vehicle referee.
The petition herein, having set forth a prima facie case to set aside the examination, is sufficient to warrant the injunctive relief sought relative to the making of appointments from the list under review.
It is in the interests of justice to maintain the status quo rather than make permanent appointments which may not be recalled, even if it is ultimately determined that they were made in error (Matter of Wolff v Hodson, 285 NY 197; Matter of Canarelli v New York State Dept. of Civ. Serv., 44 AD2d 645). Indeed, the Department of Motor Vehicles has requested that the Department of Civil Service not take any action to make appointments prior to a final determination on the merits of petitioner’s allegations.
However, petitioner is not entitled to the relief sought relative to his provisional status. A provisional employee has no "right” to his status as such. The Department of Motor Vehicles, in its discretion, may remove petitioner from his provisional position at any time and appoint another person on a provisional basis in his place (e.g., Koso v Greene, 260 NY 491).
Accordingly, the cross motion to dismiss is denied. The respondents shall serve verified answering papers within 30 days of entry of an order herein.
Pending the determination of the within petition, respondents shall be enjoined from making any permanent appointments to the position of senior motor vehicle referee from the list promulgated as a result of Examination No. 39-172 given in May, 1977.