■   In the Matter of EDWARD J. KIRK et al., Respondents, v VICTOR BAHOU, as President of the Civil Service Commission of the State of New York, et al., Appellants.—Appeal, by permission, from an order of the Supreme Court at Special Term, entered January 12, 1979 in Albany County, which denied respondents' motion to dismiss, on objections in point of law, petitioners' application in a proceeding pursuant to CPLR article 78. Alleging that an examination conducted by the Department of Civil Service for the positions of Supervising Professional Conduct Investigator and Senior Professional Conduct Investigator for the Education Department was not competitive within the meaning of the Civil Service Law because some questions on the oral portion of the examination were leaked in advance of the examination, petitioners commenced the instant proceeding, wherein they seek to have the examination results annulled and to enjoin respondents or persons acting on their behalf from certifying an eligible list based on the examination or making any appointment from any such list promulgated. At Special Term, respondents moved to dismiss the application on the grounds that all petitioners except Edward Kirk lacked standing to bring the proceeding, that petitioners had failed to exhaust their administrative remedies, that petitioners had failed to state a cause of action and that petitioners had failed to establish a clear right to relief. Ultimately, the court denied respondents' motion, and in its order it also granted leave to petitioners to conduct discovery with respect to the examination and, pending a hearing on the petition, restrained respondents from taking any action to certify an eligible list or make any appointment therefrom. Presiding Justice Mahoney thereafter granted respondents permission to appeal to this court and this appeal has ensued. We hold that Special Term's order should be reversed. Conceding that petitioners have standing to bring this proceeding since any citizen of the State of New York may insist upon competitive civil service examinations *(Matter of Chironna v Watson,* 304 NY 255), we nonetheless agree with respondents that petitioners failed to exhaust their administrative remedies by appealing the actions of the Civil Service Department relative to the subject examination to the Civil Service Commission. It is beyond dispute that parties must "'exhaust all possibilities of obtaining relief through administrative channels before appealing to the courts' (2 Cooper, State Administrative Law, p 561)" *(Young Men's Christian Assn. v Rochester Pure Waters Dist.,* 37 NY2d 371, 375; accord *Matter of Cosgrove v Klingler,* 58 AD2d 910), and pursuant to subdivision 5 of section 6 of the Civil Service Law, actions and determinations of the Civil Service Department are made appealable to the Civil Service Commission. The only actions or determinations of the department which cannot be so appealed, according to the cited statute, are those

relating solely to the internal management of the department or those which were considered and approved in advance by the commission. In this instance, neither of these two statutory exceptions to the right of appeal apply. Clearly, this challenge to the competitiveness of a civil service examination is a matter relating to all the citizens of this State, and it cannot reasonably be considered to be solely an internal management issue, such as the working hours and conditions within the department. As for the other exception, there is no adequate basis in the present record upon which Special Term could properly conclude that the commission has already determined to uphold the subject examination. Not only was it alleged in respondents' affidavit in support of the motion to dismiss that petitioners had failed to initiate their available administrative remedy, i.e., an appeal to the commission which would not be available to petitioners under the above-cited statute if the commission had already determined the matter at issue, but respondents also expressly deny in their brief to this court that the commission has made any such prior determination. For their part in support of their assertion that such a prior determination has been made, petitioners have only submitted a petition wherein one of their number, Edward J. Kirk, states that "I believe" that the commission has already decided this matter. Such a purely speculative allegation without any apparent factual foundation is plainly insufficient to justify dispensing with the available administrative appellate procedures and, accordingly, under these circumstances the petition herein should be dismissed (cf. *Taylor v State of New York,* 36 AD2d 878). Order reversed, on the law, and petition dismissed, without costs. Mahoney, P. J., Greenblott, Main, Mikoll and Herlihy, JJ., concur.