■ In the Matter of MICHAEL KOUPASH et al., Appellants, v VICTOR S. BAHOU et al., Constituting the Civil Service Commission of the State of New York, et al., Respondents. — Appeal from a judgment of the Supreme Court at Special Term (Doran, J.), entered May 20, 1981 in Albany County, which, in a proceeding pursuant to CPLR article 78, granted respondents' motion to dismiss the petition. The New York State Department of Civil Service issued an announcement of an open competitive examination for the positions of Park Patrol Officer and Park Patrol Officer (Spanish speaking) with the Office of Parks and Recreation (OPR). Simultaneously, another announcement was issued for a transition examination for the same positions to be conducted on the same date, open only to qualified employees of OPR. Petitioners are Park Patrol Officers who contend that this procedure is violative of section 6 of article V of the New York State Constitution, the Civil Service Law and Part 4 of the rules and regulations promulgated under the Civil Service Law [4 NYCRR Part 4]. They sought an order canceling, annulling, and vacating the examinations and lists, a permanent injunction against certification of eligible lists or appointments therefrom, and the removal of any persons already appointed to the positions from said lists. Special Term held that petitioners failed to exhaust administrative remedies pursuant to subdivision 5 of section 6 of the Civil Service Law and dismissed the petition. Petitioners have appealed this dismissal. The judgment must be affirmed. "The doctrine of administrative remedies requires 'litigants to address their complaints initially to administrative tribunals, rather than to the courts, and * * * to exhaust all possibilities of obtaining relief through administrative channels before appealing to the courts'" *(Young Men's Christian Assn. v Rochester Pure Waters Dist.,* 37 NY2d 371, 375, quoting 2 Cooper, State Administrative Law, p 561). This exhaustion rule is not inflexible and need not be followed in specific instances where an agency's action is challenged as unconstitutional or beyond its grant of power, or where its pursuit would cause irreparable injury *(Watergate II Apts. v Buffalo Sewer Auth.,* 46 NY2d 52, 57). Petitioners urge that an appeal to the Civil Service Commission pursuant to subdivision 5 of section 6 of the Civil Service Law was not a prerequisite for two distinct reasons. They contend first that a response letter from respondent Bahou written to petitioners' counsel represents that the commission had already decided to permit the procedure complained of and, in any event, demonstrates that an appeal would be futile. While counsel's letter of inquiry concerning the transition examination is not included in the record, the Bahou letter, contrary to petitioners' argument, does not purport to be either indicative of a determination by the full commission, nor does it give the impression an appeal would be futile. There is no clear indication of either consideration by the commission or determination of any issue raised by petitioners. There being nothing to indicate either predetermination of the issue or consideration by the commission thereof, the statutory exception is absent *(Matter of Kirk v Bahou,* 73 AD2d 770, affd 51 NY2d 867). In their second argument, petitioners urge that this CPLR article 78 proceeding is proper because direct access to the court may be had where only questions of law exist or the exercise of discretion is to be reviewed. We disagree. There can be no doubt that the applicable laws of

New York require civil service examinations "as far as practicable" to be objective and competitive (NY Const, art V, § 6), or that appointment of employees shall be made from those individuals on a list certified by the Civil Service Commission as standing highest on such eligible list (Civil Service Law, § 61; see, also, Rules and Regulations of the Department of Civil Service, 4 NYCRR 3.5, 3.6, 4.1). By its definition, the procedure employed here is experimental in nature and thus is properly subject to administrative review upon appropriate appeal by the Civil Service Commission under the specific statutory provisions of subdivision 5 of section 6 of the Civil Service Law. We cannot agree that only a question of law is involved thereby eliminating the necessity of exhausting available administrative remedies. The underlying facts of the methodology used and the purposes sought to be achieved are subject to administrative review as a condition precedent to the commencement of this proceeding *(Matter of Bier v Sarafan,* 54 AD2d 1054; *Matter of Baldwin v McCoy,* 35 AD2d 1059, affd 31 NY2d 887). Moreover, the question of proper statutory interpretation must first be raised by administrative review before recourse to the courts *(Watergate II Apts. v Buffalo Sewer Auth.,* 46 NY2d 52, 59, supra; *Young Men's Christian Assn. v Rochester Pure Waters Dist.,* 37 NY2d 371, 375-376, supra). It is unnecessary to reach the parties' remaining contentions. Judgment affirmed, without costs. Mahoney, P. J., Sweeney, Kane, Casey and Weiss, JJ., concur.