OPINION OF THE COURT
Con. G. Cholakis, J.
In an attempt to fulfill New York State’s requirement for “Associate Personnel Administrator”(s), respondent Victor Bahou, as head of the New York State Department of Civil Service, announced and conducted the written portion of two separate examinations. One of these (promotion examination) was intended solely for those already employed by New York State in related positions, while the other (open-competitive examination) was closed to those who were eligible to take the promotion examination.
Petitioners, all State employees who took the promotion examination, allege that the open-competitive examination should be declared invalid for the reasons that (1) it was an unfair examination, because there was an extreme and unaccountable variation in the context of the two written tests which made the open-competitive examination easier; (2) those qualified to take the promotion examination were precluded from taking the open-competitive examination; and (3) the open-competitive examination did not test the candidate on the very skills and knowledge that will be required of associate personnel administrators.
*312 Respondents move, pursuant to CPLR 7801 (subd 1), to dismiss the petition alleging that the petitioners have failed to exhaust their administrative remedies. Subdivision 5 of section 6 of the Civil Service Law provides for appeals to the commission, except in cases where the questioned action of determination relates solely to matters of internal management of the department or was considered and approved in advance by the commission.
Petitioners’ attack cannot be considered to be against an action or determination which relates solely to matters of internal management of the department (Matter of Kirk v Bahou, 73 AD2d 770, affd 51 NY2d 867), nor can it be considered to have been considered and approved in advance by the commission. Petitioners submit a letter of Victor S. Bahou, president of the commission, as evidence that the matter has already been considered and determined. Assuming that the letter contains determinations adverse to petitioners’ position, it cannot be considered as a determination of the commission. President Bahou is but one of three commissioners and it cannot be assumed that his opinions are necessarily those of the commission.
The court is aware of and has considered the cases of Mark v Department of Civ. Serv. of State of N. Y. (91 Misc 2d 523) and Matter of Paroli v Bolton (57 Misc 2d 952, revd on other grounds 44 AD2d 557, affd 35 NY2d 772). Both cases rely on 4 NYCRR 55.2 as setting forth the commission’s power of review in appeal procedures. This court cannot agree. The commission’s regulations set forth the power which it wishes to delegate to committees on appeals pursuant to subdivision 5 of section 6 of the Civil Service Law. While the quoted rule limits the power of the commission’s committees on appeal, the commission’s power of review is set forth in the statute and is broader than the committees’ power.
Petitioners’ attack is within the commission’s power of review.
Petitioners must therefore first exhaust their administrative remedies before seeking judicial review (Young Men’s Christian Assn. v Rochester Pure Waters Dist., 37 NY2d 371; Matter of Koupash v Bahou, 85 AD2d 795; Matter of Kirk v Bahou, supra).
*313 In view of the above it is not necessary to consider the other issues raised by petitioners.
Petition is hereby dismissed.