■ In the Matter of MARTIN B. SCHAFFER, Respondent, v HERBERT B. EVANS, as Chief Administrator of the Unified Court System of the State of New York, et al., Appellants. — Appeal from a judgment of the Supreme Court at Special Term (Cholakis, J.), entered August 1, 1983 in Albany County, which granted petitioner's application, in a proceeding pursuant to CPLR article 78, to annul a determination of the Office of Court Administration denying petitioner's requested reclassification to the title of law clerk to Judge. ¶ The issue on this appeal is whether petitioner exhausted his administrative remedies before challenging his reclassification by the Office of Court Administration to the grade 23 title of law assistant — trial part. In 1977, 8,500 local court employees were subsumed into the Unified Court System. As part of the mechanism involved in the massive reclassification of these employees, the court system promulgated regulations providing for appeals from such classifications. The procedure provided for appeal to the Chief Administrative Judge and a final appeal to the Classification Review Board (board). The board had jurisdiction only over grievances stemming from the new classification plan. It had the authority to order reclassification and back pay retroactive to April 1, 1977, when the new Unified Court System became operative (see 22 NYCRR 25.45).[1] ¶ In place was also a separate set of procedures pursuant to which any nonjudicial employee could obtain administrative review of his classification by appeal to the Chief Administrative Judge (see 22 NYCRR 25.5).[2] ¶ Petitioner initially began a 25.45 appeal in late 1979 or early 1980. In March, 1981, he instituted a 25.5 appeal. In both appeals, the Chief Administrative Judge eventually denied petitioner's request to upgrade his classification. Petitioner, in September, 1981, then commenced the instant CPLR article 78 proceeding to challenge the determination of the 25.5 appeal. Respondents sought to dismiss the petition on the ground that petitioner had failed to exhaust his administrative remedies in that the 25.45 appeal was still pending before the Chief Administrative Judge and that the same matter was under review therein. Special Term denied the motion, holding that the two avenues of administrative appeal were distinct and that it was proper to consider the 25.5 appeal. Respondents moved to renew their dismissal motion, which motion was also denied. After respondents filed an answer, which set out as affirmative defenses the failure to state a cause of action and exhaust administrative remedies, Special Term granted the petition and ordered petitioner reclassified to the grade 31 title of law clerk to Judge, retroactive to March 4, 1981 and through January 3, 1983. ¶ Since both proceedings dealt with identical issues, Special Term should have required a final determination of the 25.45 appeal before addressing the merits of the 25.5 appeal (*Matter of Kirk v Bahou*, 73 AD2d 770, affd 51 NY2d 867). Since the initiation of this article 78 proceeding, the board has, in the context of the 25.45 appeal, overruled the Chief Administrative Judge and reclassified petitioner to the grade 31 position retroactive to April 1, 1977. This proceeding is, therefore, moot. ¶ Appeal dismissed, as moot, without costs. Kane, J. P., Casey, Weiss, Mikoll and Levine, JJ., concur.

1. Appeals brought pursuant to this procedure will be referred to as "25.45" appeals.
2. Appeals brought pursuant to this procedure will be referred to as "25.5" appeals.