In the Matter of WILLIAM A. GRATTAN, as Commissioner of Health for the County of Albany, Respondent, v DEPARTMENT OF SOCIAL SERVICES OF THE STATE OF NEW YORK, Appellant.

Third Department, November 5, 1987

APPEARANCES OF COUNSEL

*Robert Abrams, Attorney-General (Alan W. Rubenstein* of counsel), for appellant.

*Matthew J. Clyne* for respondent.

**OPINION OF THE COURT**

LEVINE, J.

From 1972 through 1974, the Albany County Health Department (hereinafter ACHD) provided a methadone maintenance program for Albany County residents. This program was funded through Medicaid pursuant to an agreement between the county and the State Department of Health (hereinafter the Department) whereby the State reimbursed the county for the cost of operating the program. In August 1981, ACHD was notified that, as a result of an audit of the program for the years 1972 to 1974, certain overpayments had been discovered in connection with the State reimbursements.

It appears that in the months that followed there was correspondence between ACHD and the Department concerning the audit. Subsequently, by letter dated November 15, 1983, ACHD was advised that responsibility for auditing its program and others had been transferred to respondent *(see,* L 1983, ch 83). Thereafter, on March 23, 1984, respondent sent the county a final audit report for the cost years 1972 to 1974 which showed Medicaid overpayments totaling $84,730. This letter also advised petitioner that, pursuant to respondent's regulations, he had 30 days to request an administrative hearing.

It is undisputed that petitioner never requested a hearing and that, by letter dated May 10, 1984, petitioner was informed that respondent would proceed to collect the money due the State. Shortly thereafter, petitioner commenced the instant CPLR article 78 proceeding seeking an injunction on

the ground that "an inordinate amount of time has elapsed between the alleged overpayments and the final [audit] report of March 23, 1984, to wit, nine years, and that, as a result thereof, the Respondent is proceeding or is about to proceed in excess of its jurisdiction". Respondent moved to dismiss the petition on the ground that petitioner had failed to exhaust his administrative remedies by waiving his right to a postaudit hearing. Supreme Court concluded that exhaustion was not required in the instant case and permanently enjoined respondent from recouping the overpayments from petitioner. Upon reargument the court adhered to its original decision. This appeal by respondent ensued.

The dispositive issue before us on appeal is whether petitioner's case falls within one of the established exceptions to the exhaustion doctrine. The Court of Appeals has held that exhaustion is not required where the agency's action is challenged as being either unconstitutional or wholly beyond its authority as a matter of law *(Watergate II Apts. v Buffalo Sewer Auth.,* 46 NY2d 52, 57; *see, Young Men's Christian Assn. v Rochester Pure Waters Dist.,* 37 NY2d 371, 375-376). Exceptions also exist where resort to an administrative remedy is futile or where its pursuit would cause irreparable injury *(Watergate II Apts. v Buffalo Sewer Auth., supra,* at 57).

Supreme Court found that petitioner was excused from the exhaustion requirement because its pursuit would have been futile and, alternatively, because of the merit of petitioner's claim that respondent was acting in excess of its authority.

■ As to the futility of proceeding administratively, there is nothing in the record which clearly indicates that respondent has predetermined the issue of timeliness or has construed the relevant regulation in a way that would dictate an adverse result of an administrative hearing. Hence, petitioner has failed to make the requisite showing that pursuit of administrative remedies would be futile *(see, Matter of Koupash v Bahou,* 85 AD2d 795, *appeal dismissed* 55 NY2d 1036, *lv denied* 56 NY2d 503).

■ The applicability of the exception alternatively relied upon by Supreme Court turns on whether, as a matter of law, respondent had exceeded its authority to recoup overpayments because of the delay involved. Specifically, petitioner contends that respondent lost its right to recoup by failing to conduct the audit within the time limits imposed by 10 NYCRR former 86.8 (c), which provided in pertinent part that "[t]he

required fiscal and statistical reports shall be *subject to audit* for a period of six years from the date of their filing with the department" (eff Oct. 14, 1975 [emphasis supplied]). Supreme Court read this as a mandatory requirement of *completion* of the audit within the six-year period.* In our opinion, however, the regulation is equally susceptible to other reasonable interpretations.

In this regard, we note that 10 NYCRR former 86.8 (c) was subject to numerous revisions during the six-year periods commencing with the cost report filings for the years 1972 to 1974. During most of this time the regulation stated only that the financial reports were to be "subject to audit" for six years from their filing, a phrase which is ambiguous as to whether commencement or completion of the audit is required to satisfy the time limitation. From January to September 1977, however, this regulation explicitly required *completion* of the audit within the six-year period (10 NYCRR former 86-1.8 [c], added by renum 86.8, Sept. 30, 1976, as amended Jan. 25, 1977 and Sept. 28, 1977). The deletion of this express provision and return to the phrase "subject to audit" permits the inference that the change was substantive, supporting respondent's contention that at all other times the regulation required only that the audit be *commenced* within the six-year period. Moreover, a separate reference to notification upon "completion of the audit" in 10 NYCRR 86-1.8 (d), which was retained throughout these revisions, tends to indicate that the audit was viewed as a process rather than simply a completed task. Moreover, 10 NYCRR 86-1.8 (a) was amended in December 1978 (still within the relevant six-year period) to mandate that all underlying financial books, records and documentations be retained for the full six-year period. The requirement that all financial records be retained for the entire period in which they may be "subject to audit" also suggests that the quoted phrase refers to undertaking the audit process within the six years, rather than the completion thereof.

---

* It should be noted that although Supreme Court and both parties make reference to the recent decision by the Court of Appeals in *Matter of Cortlandt Nursing Home v Axelrod* (66 NY2d 169, *cert denied* — US —, 106 S Ct 1971), *Cortlandt* is totally inapplicable to the case before us. In *Cortlandt,* the timeliness of the audits was not an issue and the court considered only the delay from the time a postaudit hearing was requested to the time such hearing was actually held in light of the requirement of State Administrative Procedure Act § 301 (1) *(supra,* at 178-179). Since in the instant case no hearing was ever requested, there is no delay of the type involved in *Cortlandt* and that case is inapposite.

In addition, even if 10 NYCRR former 86.8 (c) were read to require completion of the audit, a question of interpretation would still exist as to whether the time limit expressed was intended to be mandatory or directory. Such time limits regarding when an administrative agency must act are generally construed as discretionary "in the absence of express limits on the authority of the agency to act after the time period" *(Matter of Estate of Clifford v New York State Employees Retirement Sys.,* 123 AD2d 1, 4). Various factual and policy matters must be considered in determining whether such a time limitation is mandatory or discretionary *(supra).* Respondent should, under the exhaustion doctrine, have an opportunity to consider and initially determine this issue as well through the administrative process.

Based on the foregoing, it is evident that the regulation providing that a facility's financial reports "shall be subject to audit for a period of six years from the date of their filing" (10 NYCRR 86-1.8 [c]) permits more than one interpretation. Consequently, since the issue before Supreme Court was not a pure question of law, the court erred in finding the exhaustion doctrine inapplicable *(see, Matter of Koupash v Bahou, supra,* at 796; *Matter of Vrooman v Prevost,* 80 AD2d 933, 935). Questions involving proper statutory interpretation, and a fortiori, the reasonable interpretation of an agency's own regulations, must first be raised within the agency's own administrative review process before such issues are properly before the courts *(Young Men's Christian Assn. v Rochester Pure Waters Dist.,* 37 NY2d 371, 375-376, *supra; Matter of Koupash v Bahou, supra,* at 796). Consequently, the petition must be dismissed.

MAHONEY, P. J., KANE, CASEY and WEISS, JJ., concur.

Judgment reversed, on the law, without costs, and petition dismissed.