■ In the Matter of MICHAEL SYMMONDS, Appellant, v ARTHUR A. LEONARDO, as Superintendent of Washington Correctional Facility, et al., Respondents.—Levine, J. Appeal from a judgment of the Supreme Court (Berke, J.), entered June 19, 1987 in Washington County, which, in a proceeding pursuant to CPLR article 78, granted respondents' motion to dismiss the petition for failure to exhaust administrative remedies.

In January 1987, petitioner, an inmate at Washington Correctional Facility, filed a formal grievance complaining that there were no signs posted at the facility outlining inmate behavior and prohibitions in both English and Spanish as required by Correction Law § 138 (1). Following a hearing on the grievance, the Inmate Grievance Resolution Committee unanimously recommended that such signs be posted and that recommendation was appealed to the Superintendent of the facility. The Superintendent denied the grievance and petitioner appealed to the Central Office Review Committee (hereinafter CORC). The appeal was subsequently denied.

Although the grievance procedures delineated in Correction Law § 139 and 7 NYCRR 701.11 provide for CORC decisions to be referred to the Commission of Correction and, ultimately, to the Commissioner of Correctional Services for final review, petitioner commenced a CPLR article 78 proceeding without going through those steps, contending that further administrative review would be futile. Respondents moved to dismiss the petition on the ground that petitioner had failed to exhaust his administrative remedies under 7 NYCRR 701.11 (d). Supreme Court granted respondents' motion and dismissed the petition without prejudice. This appeal ensued.

In our view, the petition was properly dismissed. Although petitioner correctly points out that the Commission of Correction's recommendation would not be binding on the Commissioner of Correctional Services, that does not render these administrative steps futile. The consideration of the matter by the Commission of Correction is a prerequisite to review by the Commissioner of Correctional Services, who does have the power to reverse CORC decisions and issues the *final* administrative determination (see, Correction Law § 139 [3]; 7 NYCRR 701.11 [d]). Moreover, there is nothing in the record which indicates that the Commissioner of Correctional Services has

predetermined this issue. Hence, petitioner has failed to show that further pursuit of administrative remedies would be futile *(see, Matter of Grattan v Department of Social Servs., 131 AD2d 191, 193).*

Judgment affirmed, without costs. Mahoney, P. J., Weiss, Yesawich, Jr., Levine and Harvey, JJ., concur.