■ In the Matter of CAROL PFAFF, Appellant, v COLUMBIA-GREENE COMMUNITY COLLEGE et al., Respondents. — Appeal from a judgment of the Supreme Court at Special Term (Cobb, J.), entered February 1, 1983 in Columbia County, which dismissed petitioner's application, in a proceeding pursuant to CPLR article 78, to review a determination of Columbia-Greene Community College which resulted in petitioner receiving a grade of "C" for a course entitled Human Services Practicum III. Dissatisfied with the grade she received in a course, which was derived from combining the failing grade she had received when she was unable to finish the course with the "A" she received when she thereafter took the course again, petitioner commenced the instant CPLR article 78 proceeding to review respondents' determination. Special Term dismissed the petition for petitioner's failure to exhaust available administrative remedies. We agree and are to affirm. Petitioner concedes that respondent college had an appeal process by which she could have obtained review of her grade and, in fact, she began to pursue this administrative remedy. She contends, however, that continued pursuit of the appeal process would have been futile and that respondents' action was unconstitutional. Thus, petitioner claims, the exhaustion rule does not apply (see, e.g., *Watergate II Apts. v Buffalo Sewer Auth.,* 46 NY2d 52, 57). On the futility issue, petitioner argues that the denial of her request for an evidentiary hearing and certain statements in letters from college officials established that further pursuit of her administrative appeal would be useless. At most, the proof submitted by petitioner showed only that she had some reason to doubt whether her appeal would be successful. It falls far short, however, of establishing that pursuit of the appeal process would be an exercise in futility. Contrary to petitioner's assertion, respondents did not indicate an unwillingness to consider and weigh the facts. Nor can we agree with petitioner that the refusal of her request for an evidentiary hearing deprived her of any opportunity to present her view of the facts. We find nothing in the statements in letters from certain college officials to establish that the merits of petitioner's appeal had already been considered or that the issues had been predetermined. Accordingly, petitioner has failed to show that pursuit of the available administrative appeal would have been fruitless (see *Matter of Koupash v Bahou,* 85 AD2d 795, app dsmd 55 NY2d 1036). While it is well established that in appropriate circumstances a valid constitutional claim will obviate the need to

exhaust administrative remedies (see, e.g., *Matter of Johnson v Blum*, 83 AD2d 731, 732, mod on other grounds 58 NY2d 454), the mere assertion that a constitutional right is involved will not excuse the failure to pursue established administrative procedures that can provide adequate relief (see *Matter of Patterson v Smith*, 53 NY2d 98). Petitioner claims that her First Amendment rights were infringed since the initial failing grade was imposed as "punishment" for certain statements made by her. There is, however, nothing in the record to establish that respondents would have refused to pass on the merits of this claim had she pursued her appeal, or that if petitioner had established that she received the failing grade as "punishment", rather than as a result of the instructor's exercise of academic judgment, respondents nevertheless would have refused to change her grade. Under such circumstances, we see no basis for immediate resort to judicial review, which would have the effect of depriving respondents of an opportunity to consider the matter, make their ruling and state the reasons for their action (see *Young Men's Christian Assn. v Rochester Pure Waters Dist.*, 37 NY2d 371, 375). The judgment dismissing the petition for failure to exhaust administrative remedies should be affirmed. Judgment affirmed, without costs. Mahoney, P. J., Kane, Casey, Weiss and Levine, JJ., concur.