■ In the Matter of RALPH M. VALVANO, Appellant, v E. W. JONES, as Superintendent of Great Meadow Correctional Facility, Respondent.—Harvey, J. Appeal from a judgment of the Supreme Court at Special Term (White, J.), entered January 23, 1986 in Washington County, which, in a proceeding pursuant to CPLR article 78, granted respondent's motion to dismiss the petition for failure to exhaust administrative remedies.

Petitioner, an inmate at Comstock Correctional Facility, is designated as a "central monitoring case". This designation is based upon the fact that petitioner has a prior conviction of the crime of escape in the second degree. Petitioner appealed this designation to the Department of Correctional Services Office of the Inspector General. The Inspector General sustained the designation. Petitioner then commenced this CPLR article 78 proceeding, which Special Term dismissed on the ground that petitioner failed to exhaust his administrative remedies. This appeal ensued.

Petitioner contends that since he is asserting a constitutional argument, he is not required to exhaust his administrative remedies. It is well established that the exhaustion rule is not inflexible and that the presence of a substantial constitutional issue can, in limited instances, excuse a petitioner's failure to exhaust his administrative remedies before seeking judicial review *(Commissioner of Labor of State of N. Y. v Hinman,* 103 AD2d 886, *appeal dismissed* 64 NY2d 756). However, "the mere assertion that a constitutional right is involved will not excuse the failure to pursue established administrative procedures that can provide adequate relief" *(Matter of Pfaff v Columbia-Greene Community Coll.,* 99 AD2d 887, 888; *accord, Matter of Patterson v Smith,* 53 NY2d 98 [merits of due process allegation not addressed since petitioner failed to exhaust his administrative remedies]). Sound policy dictates that in proceedings involving inmates, the administrative requirements should not be lightly disregarded every time a constitutional argument is asserted *(cf. Matter of Patterson v Smith, supra).*

Here, petitioner's failure to exhaust his administrative remedies contributed to the fact, admitted by petitioner on this appeal, that there was insufficient evidence before Special Term to demonstrate the denial of a constitutional right. Hence, the petition was properly dismissed and we perceive no

reason to consider the merits of his constitutional argument at this time.

Judgment affirmed, without costs. Kane, J. P., Casey, Weiss, Levine and Harvey, JJ., concur.