■ UNITED STATES OF AMERICA, Appellant, v RICHARD CASTINE et al., Defendants, and KEESEVILLE NATIONAL BANK, Respondent. [686 NYS2d 221] —Graffeo, J. Appeal from an order of the Supreme Court (Dawson, J.), entered November 25, 1997 in Clinton County, which, *inter alia*, partially granted a motion by defendant Keeseville National Bank for summary judgment and declared that its lien is subordinate only to defendant Richard Castine's obligation under a 1982 note secured by a mortgage.

In August 1982 plaintiff, through the US Department of Agriculture's Farmers Home Administration, loaned defendant Richard Castine $96,500 at an interest rate of 13¼% per annum. The loan was evidenced by a promissory note, to be repaid in 20 annual installments, and was secured by a mortgage encumbering his farm. Castine incurred further indebtedness in December 1983 when he borrowed an additional $91,603.51 from defendant Keeseville National Bank (now known as Evergreen Bank) and executed a second mortgage with his farm and another parcel as collateral for the loan. In August 1987, Castine filed a chapter 13 bankruptcy petition and pursuant to a reorganization plan, plaintiff agreed to a new amortization schedule for the $158,748.99 due on the 1982 note and mortgage (representing $93,703.69 in unpaid principal and $65,045.30 accrued interest). The modified note, executed on October 3, 1988, required 35 installment payments and carried a reduced interest rate of 5% per annum. Plaintiff's new mortgage encumbered the same realty as its previous mortgage.

Although the reamortization arrangement was approved by the bankruptcy court and the petition was dismissed in October 1990, Castine's continuing financial problems led to a filing for chapter 12 bankruptcy protection in September 1991. This petition was also eventually dismissed in August 1994. However, Castine's default on the reamortized note and mortgage caused plaintiff to commence this foreclosure action in April 1996. After issue was joined, Evergreen moved for summary judgment against plaintiff seeking a declaration adjudging it to possess a second priority right to the property, subordinate only to plaintiff's first mortgage. Thereafter, plaintiff cross-moved for summary judgment striking Evergreen's answer.

Supreme Court determined that the modified amortization agreement and mortgage did not affect the priority of plaintiff's

August 1982 mortgage and declared that plaintiff had first priority to the security to the extent of the unpaid principal on the 1982 note, plus interest at the rate of 13¼% through November 2, 1988, and thereafter at 5%. The court also found the November 1988 mortgage executed in accordance with the reamortization of Castine's loan was not entitled to priority over Evergreen's 1983 mortgage since the bankruptcy confirmation order stated that Evergreen's debt was to be paid "outside the plan".

Although plaintiff acknowledges that Supreme Court's order confirms its first priority, entitling it to recover the entire principal balance due plus interest, it nevertheless appeals the order. Since the 1988 note and mortgage provisions will apparently be utilized in a multitude of other unrelated proceedings, plaintiff urges this Court to review Supreme Court's refusal to declare the November 1988 mortgage lien as having priority over Evergreen's intervening mortgage by virtue of the confirmed bankruptcy plan.

It is well settled that in order to maintain an appeal, the appellant must be "aggrieved" (see, CPLR 5511) and the rights of the parties must be "directly affected by the determination of the appeal and the interest of the parties is an immediate consequence of the judgment" (*Matter of Hearst Corp. v Clyne*, 50 NY2d 707, 714). Here, it is undisputed that Supreme Court's order does not adversely affect plaintiff's ability to recover the entire amount due on the 1982 FHA loan with interest as modified. Rather, plaintiff's purported aggrievement is that Supreme Court did not specifically denote the priority of the bankruptcy plan (the 1988 note and mortgage) over Evergreen's prior note and mortgage. This issue, which may or may not be relevant to other proceedings involving similar transactions, has no impact on the result in this action as plaintiff was awarded the ultimate financial relief it requested. What is actually sought by plaintiff is an advisory opinion on the appropriateness and effectiveness of its loan restructuring documents and procedures which is an improper basis for an appeal (*see, Community Bd. 7 v Schaffer*, 84 NY2d 148, 155).

Under these circumstances, we find that plaintiff was not an aggrieved party and therefore, had no basis for an appeal (*see, Pennsylvania Gen. Ins. Co. v Austin Powder Co.*, 68 NY2d 465, 472-473; *cf., Town of Massena v Niagara Mohawk Power Corp.*, 45 NY2d 482, 488; *Peoples Natl. Bank v Weiner*, 100 AD2d 841). Moreover, there is nothing inherent in this appeal which would make future judicial review of this issue improbable, nor is this issue one which would typically evade review (*see, Mat-*

ter of *Morrison v New York State Div. of Hous. & Community Renewal*, 241 AD2d 34, 42-43, *lv granted* 92 NY2d 814). Based on the foregoing, the appeal is dismissed.

Mikoll, J. P., Yesawich Jr., Spain and Carpinello, JJ., concur. Ordered that the appeal is dismissed, with costs.