In the Matter of WILLIAM HELD, JR., as Chair of Contractors Compensative Trust, et al., Appellants, v NEW YORK STATE WORKERS' COMPENSATION BOARD et al., Respondents. [871 NYS2d 465]—

Rose, J. Appeals (1) from an order of the Supreme Court (O'Connor, J.), entered June 24, 2008 in Albany County, which, in a combined proceeding pursuant to CPLR article 78 and action for declaratory judgment, denied petitioners' motion for leave to serve certain discovery requests, and (2) from a judgment of said court, entered July 8, 2008 in Albany County, which, among other things, partially granted petitioners' application to vacate certain assessments made pursuant to Workers' Compensation Law § 50 (5) (former [f]).

Petitioners, which are group self-insured trusts (hereinafter GSITs),[1] commenced this proceeding to annul certain assessments levied against them by respondent New York State Work-

---

1. Workers' Compensation Law § 50 requires all employers to provide security for the payment of compensation to qualifying employees. Multiple em-

ers' Compensation Board. Petitioners alleged, among other things, that the assessments were affected by errors of law in the Board's application and interpretation of Workers' Compensation Law § 50 (5) (former [f]) (hereinafter the statute).[2] Petitioners asserted that the statute was inapplicable to GSITs because it references "private self-insured employers" rather than groups, and that the Board made the assessments without first satisfying the statute's prerequisites. Supreme Court denied petitioners' motion for leave to serve disclosure demands, but granted their petition and annulled the assessments on the ground that, although the statute applied to GSITs, the Board had failed to satisfy its prerequisites. Petitioners now appeal from both the order denying their motion for disclosure and the judgment in their favor to the extent that the court's decision found the statute to be applicable to GSITs.

Having received the relief sought in their petition, however, petitioners are not aggrieved by the judgment (*see* CPLR 5511) and, therefore, they lack standing to pursue this appeal (*see T.D. v New York State Off. of Mental Health*, 91 NY2d 860, 862 [1997]; *Pennsylvania Gen. Ins. Co. v Austin Powder Co.*, 68 NY2d 465, 472-473 [1986]; *Parochial Bus Sys. v Board of Educ. of City of N.Y.*, 60 NY2d 539, 544-545 [1983]; *United States of Am. v Castine*, 259 AD2d 873, 874 [1999]). Although petitioners asserted multiple grounds upon which relief could be granted, the ultimate relief they sought was a judgment declaring that the assessments made against them are invalid. The petition did not explicitly request a declaration that the statute is invalid. Inasmuch as Supreme Court found the assessments to be invalid and annulled them, albeit on one of the alternate grounds asserted by petitioners, they received the relief requested and are not aggrieved.

Nor are we persuaded by petitioners' claim that they are aggrieved because the underlying holding regarding the statute's applicability could have collateral estoppel effect in other proceedings. The interpretation of a statute presents a pure question of law and, as a result, collateral estoppel would not

ployers with related activities in a given industry are permitted to provide such security by adopting a plan for self-insurance as a group (*see* Workers' Compensation Law § 50 [3-a] [2]). GSITs are such groups.

2. Former paragraph (f) authorized the Board to levy assessments against "all private self-insured employers" where the Board Chair determines that workers' compensation benefits might be unpaid due to the default of an insolvent private self-insured employer. The statute was amended during the pendency of this proceeding by, among other things, relabeling the second paragraph (f) as paragraph (g) and expressly adding GSITs to the definition of self-insured employers (*see* L 2008, ch 139, § 3).

apply to Supreme Court's determination of that question here (*see American Home Assur. Co. v International Ins. Co.*, 90 NY2d 433, 440 [1997]; *Brown v State of New York*, 9 AD3d 23, 27 n 2 [2004]). In addition, where, as here, an alternate holding by the trial court could support its judgment, but such holding is not considered upon appeal, there is no collateral estoppel as to the unreviewed ground (*see Tydings v Greenfield, Stein & Senior, LLP*, 11 NY3d 195, 199-200 [2008]; *Sabbatini v Galati*, 43 AD3d 1136, 1139 [2007]; *see also Morley v Quinones*, 208 AD2d 813, 814 [1994]).

Finally, although petitioners still seek disclosure, we deem that issue to be academic because the assessments were annulled (*see Matter of Automobile Ins. Co. of Hartford v Ray*, 51 AD3d 788, 790 [2008]).

Peters, J.P., Lahtinen, Kavanagh and Stein, JJ., concur. Ordered that the appeals are dismissed, without costs.