■ In the Matter of ALBERT A. D'AGOSTINO, Appellant, v THOMAS P. DINAPOLI, as Comptroller of the State of New York, et al., Respondents. [894 NYS2d 778]—

Spain, J. Appeal from a judgment of the Supreme Court (Connolly, J.), entered August 20, 2009 in Albany County, which granted petitioner's application, in a proceeding pursuant to CPLR article 78, to annul a determination of respondent Comptroller terminating petitioner's membership in respondent New York State and Local Employees' Retirement System.

Petitioner is an attorney who previously worked part time as counsel for several municipalities and school districts while maintaining a private law practice. Upon his retirement from municipal service in 2000, petitioner began receiving public retirement benefits. However, in April 2008, respondent Comptroller announced new regulations for respondent New York State and Local Employees' Retirement System that address how local governments and school districts should classify professional service providers as employees or independent contractors.* Petitioner's various enrollments in the Retirement System were invalidated under the new regulations and he was asked to return over $600,000 in benefits paid to him since his retirement from municipal service.

Thereafter, petitioner commenced this proceeding pursuant to CPLR article 78, seeking immediate reinstatement to the Retirement System and alleging, among other things, an improper retroactive application of new regulations in violation of NY Constitution, article V, § 7, and a violation of his right to due process. Upon respondents' motion, Supreme Court dismissed petitioner's state constitutional claims for failure to exhaust administrative remedies, but denied respondents' motion insofar as it sought to dismiss petitioner's due process claims. Thereafter, the court issued a decision on the merits, granting the petition and ordering that "the determination to terminate petitioner's pension benefits and his membership in the [Retirement System] is vacated and annulled [and] . . . respondents are directed to pay accrued arrears in petitioner's pension." Petitioner, despite prevailing, now appeals from Supreme Court's judgment.

* Multiple litigations ensued concerning the application of the new regulations to deny public retirement benefits to attorneys who worked part time for municipalities (see Swergold v Cuomo, 70 AD3d 1290 [2010] [decided herewith]; Matter of Roemer v Cuomo, 67 AD3d 1169, 1170-1172 [2009]; Matter of Hogan v Cuomo, 67 AD3d 1144, 1145-1147 [2009]).

The appeal must be dismissed. "[I]n order to maintain an appeal, the appellant must be 'aggrieved' " (*United States of Am. v Castine*, 259 AD2d 873, 874 [1999], quoting CPLR 5511) and, generally, "[a] successful party who has obtained the full relief sought is not aggrieved, and therefore has no grounds for appeal" (*T.D. v New York State Off. of Mental Health*, 91 NY2d 860, 862 [1997]; *see Matter of Held v New York State Workers' Compensation Bd.*, 58 AD3d 971, 972 [2009]). Having received the entire relief sought in his petition—i.e., annulment of the Comptroller's determination and reinstatement of his membership in the Retirement System—petitioner is not aggrieved by the judgment. Indeed, although petitioner asserted multiple grounds upon which relief could be granted, the ultimate relief he sought was granted, "albeit on one of the alternate grounds asserted by petitioner[; thus he] received the relief requested and [is] not aggrieved" (*Matter of Held v New York State Workers' Compensation Bd.*, 58 AD3d at 972; *see Pennsylvania Gen. Ins. Co. v Austin Powder Co.*, 68 NY2d 465, 472-473 [1986]).

Mercure, J.P., Malone Jr., Stein and Garry, JJ., concur. Ordered that the appeal is dismissed, without costs.