■ Nathaniel M. Swergold et al., Appellants, et al., Plaintiffs, v Andrew M. Cuomo, as Attorney General of the State of New York, et al., Defendants, and Thomas P. DiNapoli, as Comptroller of the State of New York, et al., Respondents. [896 NYS2d 495]—

Spain, J. Appeal from an order of the Supreme Court (Connolly, J.), entered May 13, 2009 in Albany County which, among other things, partially granted defendants' cross motion to dismiss the amended complaint.

This appeal arises out of a dispute between plaintiffs, attorneys claiming entitlement to public pension benefits for their work as counsel to various municipalities while at the same time maintaining private law practices, and defendants, the entities investigating the propriety of those claims. In April 2008, defendant Comptroller announced new regulations for defendant New York State and Local Employees' Retirement System that define how local governments and school districts should classify professional service providers. Notably, the regulations now provide that if any professional individual's employer "has a contract, retainer or other agreement to provide professional services to [a municipality], it shall be presumed that the individual is an independent contractor and not an employee" of the municipality (2 NYCRR 315.3 [c] [2] [iii]). As a result of the application of these new regulations, plaintiffs' memberships in the Retirement System were invalidated.

Plaintiffs thereafter commenced the instant action. In their first amended complaint, plaintiffs set forth numerous causes of action against defendant Attorney General and defendant Office of the New York State Attorney General (hereinafter collectively referred to as the Attorney General), the Comptroller and defendant Office of the Comptroller of the State of New York (hereinafter collectively referred to as the Comptroller), and the Retirement System seeking, among other things, (1) declaratory judgments determining that defendants have no authority to investigate, reduce or terminate plaintiffs' retirement benefits and that the procedures used by defendants are contrary to

statute and in violation of NY Constitution, article V, § 7, and (2) injunctive relief permanently prohibiting the aforementioned investigations, reductions or terminations. Plaintiffs moved for temporary injunctive relief and defendants, arguing a failure to state a cause of action, lack of standing, mootness, prematurity and failure to exhaust available administrative remedies, cross-moved to dismiss plaintiffs' first amended complaint. Plaintiffs opposed the cross motion and, in turn, cross-moved for leave to amend their complaint a second time so as to add additional plaintiffs and remove the Attorney General as a defendant in the action.

Supreme Court denied plaintiffs' motion for temporary injunctive relief, denied plaintiffs' cross motion for leave to amend their complaint a second time and essentially granted defendants' cross motion dismissing causes of action 1 through 16 in the amended complaint. However, while dismissing the injunctive relief sought in the second and sixth causes of action, the court found that sufficient facts were alleged to illustrate due process violations and, as such, partially converted said causes of action into a proceeding pursuant to CPLR article 78; the court also granted leave to serve an amended petition to add other individuals who it is alleged have had their Retirement System benefits adversely affected without due process. Thus, the only surviving portions of plaintiffs' first amended complaint are two causes of action seeking injunctive relief in their new form as a proceeding pursuant to CPLR article 78. Plaintiffs Nathaniel W. Swergold and William M. Cullen (hereinafter collectively referred to as plaintiffs) now appeal, as limited by their brief, from so much of the order as dismissed their claims brought against the Comptroller and the Retirement System (hereinafter collectively referred to as defendants).*

In light of a recent order of Supreme Court issued subsequent to the filing of this appeal (see Hoover v DiNapoli, Sup Ct, Albany County, Sept. 22, 2009, Connolly, J., index No. 2414-09), the Deputy Comptroller for the Division of Retirement Services in the Comptroller's office submitted an affidavit to this Court on behalf of defendants attesting that they are revoking their prior determinations issued to plaintiffs and that "[n]o credits will be revoked unless and until plaintiffs have an adequate op-

---

* Thus, the Attorney General is not a party to this appeal and plaintiffs' eighth cause of action—against the Attorney General—is not before us. Further, plaintiff John B. Hogan did not appeal and the action has apparently been discontinued as to plaintiffs Paul A. Martineau and Terence E. Smolev. Accordingly, no issue is before us with regard to the third, fourth or seventh causes of action alleged in the first amended complaint on behalf of those plaintiffs.

portunity to be heard in a formal administrative hearing held pursuant to Retirement and Social Security Law § 74.'' We interpret this affidavit as restoring all of plaintiffs' service credits and guaranteeing them the right to a timely hearing and a predetermination of their membership status in the Retirement System even though they have not yet applied for retirement (*see e.g. Matter of Cole-Hatchard v McCall*, 4 AD3d 715, 715-716 [2004]; *Marsh v New York State & Local Employees' Retirement Sys.*, 291 AD2d 713, 714 [2002]). Accordingly, plaintiffs' claims pertaining to the alleged deprivation of their due process rights—namely those arguments related to the dismissal and/or conversion of their second, sixth and fourteenth causes of action—have been rendered moot to the extent that they sought restoration of plaintiffs' benefits pending a hearing (*see Matter of Hearst Corp. v Clyne*, 50 NY2d 707, 714-715 [1980]; *Matter of Schulz v State of New York*, 182 AD2d 3, 5 [1992], *appeal dismissed* 80 NY2d 924 [1992], *lv denied* 80 NY2d 761 [1992]).

Any other due process challenge, as well as plaintiffs' arguments that the unilateral revocation of their membership in the Retirement System is otherwise unconstitutional, are premature, given that their credits have been restored pending hearings. Should defendants ultimately conclude that plaintiffs were properly enrolled in the Retirement System, plaintiffs will not be aggrieved. As it is not the proper exercise of our review power to offer advisory opinions, plaintiffs' first, fifth and ninth causes of action—all expressly premised on a revocation or diminution of plaintiffs' retirement benefits—must be dismissed as they state claims that are not yet ripe for judicial review (*see American Ins. Assn. v Chu*, 64 NY2d 379, 385-386 [1985], *appeal dismissed and cert denied* 474 US 803 [1985]; *New York Pub. Interest Research Group v Carey*, 42 NY2d 527, 529-530 [1977]; *Matter of National Fuel Gas Distrib. Corp. v Public Serv. Commn. of State of N.Y.*, 71 AD3d 62, 64 [2009]). Likewise, those challenges to the validity of the new rules insofar as they are applied to determine that plaintiffs are independent contractors instead of employees (plaintiffs' tenth and eleventh causes of action) or applied to diminish earned credits (twelfth, thirteenth and sixteenth causes of action), as well as their fifteenth cause of action protesting the retroactive application of the new rules to plaintiffs, are not ripe for judicial review inasmuch as the result and propriety of application of the new rules to these plaintiffs is not yet finally determined (*see Saratoga County Chamber of Commerce v Pataki*, 275 AD2d 145, 158-159 [2000]; *see also Matter of Deem v New York State & Local Retirement Sys.*, 44 AD3d 1235, 1235 [2007], *lv denied* 9 NY3d 818 [2008]).

Finally, we address plaintiffs' contention that Supreme Court erred in denying their cross motion for leave to amend their complaint a second time. A trial court's decision on an application for leave to amend will not be overturned absent a clear abuse of discretion (*see* CPLR 3025 [b]; *Leclaire v Fort Hudson Nursing Home, Inc.*, 52 AD3d 1101, 1102 [2008]; *Smith v Haggerty*, 16 AD3d 967, 967 [2005]). Here, the causes of action proposed in the second amended complaint suffer from the same jurisdictional deficiencies found in the first amended complaint. Accordingly, inasmuch as the proposed amended complaint also would have been dismissed in its entirety, plaintiffs' challenge to the denial of their motion to amend is moot.

Mercure, J.P., Malone Jr., Stein and Garry, JJ., concur. Ordered that the order is modified, on the law, without costs, by reversing so much thereof as denied defendants' cross motion with respect to the second and sixth causes of action and converted said claims into a proceeding pursuant to CPLR article 78; said causes of action dismissed; and, as so modified, affirmed.