■ In the Matter of DAVID A. HOOVER, Appellant, v THOMAS P. DINAPOLI, as Comptroller of the State of New York, et al., Respondents. [905 NYS2d 685]—

Malone Jr., J. Appeal from a judgment of the Supreme Court (Connolly, J.), entered October 1, 2009 in Albany County, which granted petitioner's application, in a proceeding pursuant to CPLR article 78, to annul a determination of respondent Comptroller revoking certain of petitioner's service credits in respondent New York State and Local Employees' Retirement System.

Petitioner worked part time as a labor relations specialist for Erie 1 BOCES from February 1, 1988 through October 31, 1995 and, for that employment, received service credit with respondent New York State and Local Employees' Retirement System. In April 2008, respondent Comptroller announced new regulations for the Retirement System specifically defining how local governments and school districts should classify professional service providers as employees or independent contractors.* Petitioner was notified that pursuant to the new regulations, his service credit for his work at BOCES between 1988 and 1995 was revoked because he had been an independent contractor rather than an employee. Petitioner thereafter commenced this CPLR article 78 proceeding seeking immediate reinstatement of his service credit and alleging, among other things, an improper retroactive application of the new regulations in violation of the NY Constitution, a violation of his due process rights and that respondents' conduct in invalidating his service credit was arbitrary and capricious. Supreme Court dismissed petitioner's state constitutional claims based upon his failure to exhaust

---

* This appeal is the latest in a long line of litigation concerning the application of these regulations (*see Matter of D'Agostino v DiNapoli*, 70 AD3d 1285 [2010]; *Swergold v Cuomo*, 70 AD3d 1290 [2010]; *Matter of Roemer v Cuomo*, 67 AD3d 1169 [2009]; *Matter of Hogan v Cuomo*, 67 AD3d 1144 [2009]).

his administrative remedies, but issued a decision on the merits granting the petition on the due process claim. Specifically, the Court ordered that "the determination to revoke petitioner's service credit with Erie 1 BOCES for the years prior to 1995 is vacated and annulled." Despite having prevailed, petitioner now appeals from Supreme Court's judgment.

Initially, we note that the procedural posture of this case is nearly indistinguishable from that of *Matter of D'Agostino v DiNapoli* (70 AD3d 1285 [2010]), which was recently decided by this Court. Consequently, as in *D'Agostino*, the appeal here must be dismissed because petitioner is not aggrieved, having " 'obtained the full relief sought' " (*id.* at 1286, quoting *T.D. v New York State Off. of Mental Health*, 91 NY2d 860, 862 [1997])—i.e., annulment of the Comptroller's determination and reinstatement of his service credit. "Although petitioner[ ] asserted multiple grounds upon which relief could be granted . . . [i]nasmuch as Supreme Court found the [determination] to be invalid and annulled [it], albeit on one of the alternate grounds asserted by petitioner[, he] received the relief requested and [is] not aggrieved" (*Matter of Held v New York State Workers' Compensation Bd.*, 58 AD3d 971, 972 [2009]; *accord Matter of D'Agostino v DiNapoli*, 70 AD3d at 1286).

Mercure, J.P., Kavanagh, Stein and Garry, JJ., concur. Ordered that the appeal is dismissed, without costs.