■ In the Matter of ANTHONY J. SABINO, Appellant, v THOMAS P. DINAPOLI, as Comptroller of the State of New York, et al., Respondents. [935 NYS2d 701]—

*Stein, J.*

In 2008, respondent Comptroller promulgated regulations for the Retirement System to provide guidance as to whether employers should classify professional service providers as employees or as independent contractors (*see* 2 NYCRR 315.3 [c]). Previously, such determination had been guided by the employer's consideration of several common-law factors, which were set forth in a "Financial Management Guide" issued by the Comptroller in 1992. Here, after reviewing petitioner's status

---

* As a result of this finding, we need not address the consequences of petitioner having been found guilty of charge 3.

with respect to his employment with the Water District, respondent Deputy Comptroller determined in August 2010 that petitioner was an independent contractor and revoked a portion of his service credits in the Retirement System. The Deputy Comptroller's determination was expressly based upon seven factors, all of which were consistent with the 2008 regulations. Petitioner [have] advised that he was entitled to an administrative hearing if he wished to contest the determination. In addition to requesting such a hearing,[1] petitioner commenced this proceeding pursuant to CPLR article 78, seeking an order annulling the Deputy Comptroller's determination.

Petitioner argues that respondents violated his rights under article V, § 7 of the NY Constitution and the 14th Amendment to the US Constitution by retroactively applying new standards and factors that were not in effect at the time he became a member of the Retirement System.[2] Respondents moved, pre-answer, to dismiss the petition based upon petitioner's failure to exhaust his administrative remedies. Supreme Court rejected petitioner's assertions that he was excused from the exhaustion requirement because he raised constitutional issues and that pursuit of available administrative remedies would be futile because he cannot factually dispute the factors enumerated in support of the Deputy Comptroller's determination. Accordingly, Supreme Court granted respondents' motion, without prejudice, and this appeal ensued.

We affirm. It is well settled that a party seeking to challenge the action of an administrative agency must first exhaust available administrative remedies (*see Watergate II Apts. v Buffalo Sewer Auth.*, 46 NY2d 52, 57 [1978]; *Matter of Connor v Town of Niskayuna*, 82 AD3d 1329, 1330 [2011]; *Swergold v Cuomo*, 70 AD3d at 1293). Although the exhaustion requirement may be excused when, for example, a party asserts a constitutional challenge to an agency's action or "when resort to an administrative remedy would be futile" (*Watergate II Apts. v Buffalo Sewer Auth.*, 46 NY2d at 57; *see Matter of Connerton v Ryan*, 86 AD3d 698, 699 [2011]), "the mere assertion that a constitutional right is involved will not excuse the failure to pursue established administrative procedures that can provide adequate relief"

---

1. At petitioner's request, the hearing was adjourned pending the resolution of this litigation.

2. The application of the 2008 regulations to individuals, such as petitioner, who were already enrolled in the Retirement System has been the subject of much litigation (*see Matter of Hoover v DiNapoli*, 75 AD3d 875, 875 n 1 [2010]; *Matter of D'Agostino v DiNapoli*, 70 AD3d 1285 [2010]; *Swergold v Cuomo*, 70 AD3d 1290 [2010]; *Matter of Roemer v Cuomo*, 67 AD3d 1169 [2009]; *Matter of Hogan v Cuomo*, 67 AD3d 1144 [2009]).

(*Matter of Pfaff v Columbia-Greene Community Coll.*, 99 AD2d 887, 888 [1984]; *see Matter of Schulz v State of New York*, 86 NY2d 225, 232 [1995], *cert denied* 516 US 944 [1995]). Thus, for instance, "[a] constitutional claim that may require the resolution of factual issues reviewable at the administrative level should initially be addressed to the administrative agency having responsibility so that the necessary factual record can be established" (*Matter of Schulz v State of New York*, 86 NY2d at 232; *accord Matter of Finch, Pruyn & Co. v Kearns*, 282 AD2d 858, 859 [2001]).

Here, even assuming that the Deputy Comptroller applied the 2008 regulation to determine petitioner's status, a factual issue remains as to whether the regulation represents a meaningful and substantial change in the policy of the Retirement System or was merely the codification of existing policy. Such a determination, which involves interpretation of the Retirement System's own regulations, is best left in the first instance to the administrative agency "so that a clearer formulation of and the rationales for agency policy may be fully aired" (*Lehigh Portland Cement Co. v New York State Dept. of Envtl. Conservation*, 87 NY2d 136, 143 [1995]; *see Matter of Hakeem v Wong*, 223 AD2d 765, 766 [1996], *lv denied* 88 NY2d 802 [1996]; *Matter of Grattan v Department of Social Servs. of State of N.Y.*, 131 AD2d 191, 193-195 [1987], *lv denied* 70 NY2d 616 [1988]). Nor is there anything in the record "which clearly indicates that respondent[s] [have] predetermined the issue . . . or [have] construed the relevant regulation in a way that would dictate an adverse result of an administrative hearing. Hence, petitioner has failed to make the requisite showing that pursuit of administrative remedies would be futile" (*Matter of Grattan v Department of Social Servs. of State of N.Y.*, 131 AD2d at 193). Supreme Court, therefore, properly granted respondents' motion to dismiss the petition, without prejudice.

Petitioner's remaining contentions have been considered and are unavailing.

Mercure, A.P.J., Peters, Malone Jr. and Kavanagh, JJ., concur. Ordered that the judgment is affirmed, without costs.