Egan Jr., J.
In April 2008, defendant/respondent Comptroller announced new regulations for defendant/respondent New York State and Local Employees’ Retirement System that defined how local governments and school districts should classify professional service providers in terms of being either employees or independent contractors. As a result of the new regulations, plaintiff Nathaniel M. Swergold and petitioner Albert A. D’Agostino had their memberships in the Retirement System invalidated (see Swergold v Cuomo, 70 AD3d 1290 [2010]; Matter of D’Agostino v DiNapoli, 70 AD3d 1285 [2010]), and petitioner David A. Hoover had a portion of his service credit revoked (see Matter of Hoover v DiNapoli, 75 AD3d 875 [2010]). Swergold, among others, then commenced action No. 1, D’Agostino commenced proceeding No. 1 and Hoover commenced proceeding No. 2 — each seeking reinstatement in the Retirement System or restoration of service credits.
*1142 In action No. 1, Supreme Court (Connolly, J.) dismissed all but two of plaintiffs’ claims — finding that plaintiffs’ second and sixth causes of action alleged sufficient facts to illustrate due process violations — and partially converted those causes of action to a CPLR article 78 proceeding. Plaintiffs appealed to this Court and, in the interim, the prior determination invalidating plaintiffs’ memberships in the Retirement System was revoked. As a result, this Court concluded that plaintiffs’ due process claims — insofar as they sought restoration of plaintiffs’ benefits pending a hearing — were moot and the balance of plaintiffs’ claims were premature; hence, we dismissed the remaining two causes of action and otherwise affirmed the underlying order (Swergold v Cuomo, 70 AD3d at 1292-1294).
In proceeding No. 1, Supreme Court (Connolly, J.) granted the petition and annulled the Comptroller’s determination invalidating D’Agostino’s membership in the Retirement System. Concluding that he had received all the relief to which he was entitled, this Court dismissed D’Agostino’s subsequent appeal from Supreme Court’s judgment (Matter of D’Agostino v Di-Napoli, 70 AD3d at 1286). We reached a similar conclusion with respect to Hoover, finding that inasmuch as he had obtained the full relief sought — namely, annulment of the Comptroller’s determination and reinstatement of his service credits — he was not aggrieved by the underlying judgment. Accordingly, this Court dismissed Hoover’s appeal therefrom (Matter of Hoover v DiNapoli, 75 AD3d at 876).
In the interim, in June 2010, plaintiffs and petitioners collectively moved to consolidate the declaratory judgment action and CPLR article 78 proceedings for the sole purpose of determining an appropriate award of counsel fees pursuant to 42 USC § 1988. By order entered June 3, 2011, Supreme Court (Lynch, J.) denied the motion to consolidate, finding that inasmuch as action No. 1 and proceeding No. 1 no longer were pending at the time the motion was made, consolidation was not possible. As to the award of counsel fees, Supreme Court adopted a 30-day time limit for the filing of that application (citing CPLR 8601 [b]) and concluded that the underlying application was timely only as to proceeding No. 2. To that end, Supreme Court awarded Hoover $10,969.51 in fees and expenses for work performed at the trial level but not on the prior appeal to this Court. Swergold, D’Agostino and Hoover then appealed.[1]
Shortly thereafter, plaintiffs and petitioners moved to reargue contending, among other things, that Supreme Court erred in *1143 concluding that the application for counsel fees was untimely as to Swergold and D’Agostino. Supreme Court considered the merits of the motion and agreed that, in determining the timeliness of the application, it erroneously measured the 30-day period from the date of this Court’s decisions dismissing Swergold’s and D’Agostino’s respective appeals and, in so doing, failed to take into account that the underlying orders were not “final” until Swergold’s and D’Agostino’s right to appeal therefrom expired (see CPLR 5513 [a]; 5514). However, even under its revised calculation, Supreme Court found the application for counsel fees to be untimely as to Swergold and D’Agostino. Accordingly, by order entered September 27, 2011, Supreme Court adhered to its prior decision. Swergold, D’Agostino and Hoover (hereinafter collectively referred to as petitioners) appeal from this order as well.
Petitioners initially contend that, with respect to their application for counsel fees under 42 USC § 1988, Supreme Court erred in applying the 30-day time limit set forth in the Equal Access to Justice Act (see CPLR art 86).[2] Although we agree, our conclusion in this regard is of no aid to Swergold and only potentially benefits D’Agostino.
When a party succeeds on a 42 USC § 1983 claim, “the court, in its discretion, may allow the prevailing party ... a reasonable attorney’s fee as part of the costs” (42 USC § 1988 [b]; see Matter of Giaquinto v Commissioner of N.Y. State Dept. of Health, 11 NY3d 179, 186 [2008]).[3] As 42 USC § 1988 contains no time limitation governing the filing of an application for counsel fees and related expenses, federal courts look to Federal Rules of Civil Procedure rule 54 (d) (2) (B) (i), which provides that such application generally must “be filed no later than 14 days after the entry of judgment.” That time limit, however, “is not a fatal jurisdictional deadline” (Tancredi v Metropolitan Life Ins. Co., 378 F3d 220, 227 [2d Cir 2004]) and may be supplanted by a statute, local rule or court order (see Fed Rules Civ Pro rule 54 [d] [2] [B] [i]).[4] Even in the absence of a contrary statute or local rule, a court may extend the time during which a party may seek an award of counsel fees upon a finding of “excusable neglect” (Fed Rules Civ Pro rule 6 [b] [1]), which, in turn, entails *1144 consideration of, among other things, the length of and reason for the delay, the potential impact upon judicial resources, prejudice to the opposing party and whether the party seeking the award of counsel fees acted in good faith (see Tancredi v Metropolitan Life Ins. Co., 378 F3d at 228, citing Pioneer Investment Services Co. v Brunswick Associates Ltd. Partnership, 507 US 380, 395 [1993]) — a process akin to the analysis employed when considering an application for an extension of time under CPLR 2004 (see Matter of Burkich, 12 AD3d 755, 756 [2004]).
Although the Federal Rules of Civil Procedure indeed are not binding upon this Court — or, for that matter, any other state court (see Fed Rules Civ Pro rule 1) — in the absence of a corresponding state statute or local rule, we nonetheless deem it appropriate to look to Federal Rules of Civil Procedure rule 54 (d) (2) (B) (i) for guidance in ascertaining the time limit to be applied to petitioners’ application here. Applying the 14-day limit contained therein, there is no question that petitioners’ application was untimely as to Swergold and D’Agostino. However, the issue of excusable neglect was not addressed by the parties and, hence, was not considered by Supreme Court. Accordingly, we remit for further development of the record and consideration of that issue — but, for the reasons that follow, only with respect to the fees sought by D’Agostino in proceeding No. 1.[5]
Counsel fees may be awarded under 42 USC § 1988 (b) to a “prevailing party,” and we agree that Swergold does not qualify as one. In this regard, the case law makes clear that “in order to be considered a prevailing party ... a plaintiff must not only achieve some material alteration of the legal relationship of the parties, but that change must also be judicially sanctioned” (Roberson v Giuliani, 346 F3d 75, 79-80 [2d Cir 2003] [internal quotation marks and citation omitted]; accord Perez v Westchester County Dept. of Corrections, 587 F3d 143, 149 [2d Cir 2009]; see Buckhannon Board & Care Home, Inc. v West Virginia Dept. of Health & Human Resources, 532 US 598, 605-606 [2001]; Matter of Vetter v Board of Educ., Ravena-Coeymans-Selkirk Cent. School Dist., 53 AD3d 847, 849 [2008], mod on other grounds 14 NY3d 729 [2010]; see also Matter of New York State Defenders Assn. v New York State Police, 87 AD3d 193, 196 n 3 [2011]). And while it is true that “judicial action other *1145 than a judgment on the merits or a consent decree can support an award of attorney’s fees, so long as such action carries with it sufficient judicial imprimatur” (Roberson v Giuliani, 346 F3d at 81), “[a] defendant’s voluntary change in conduct, although perhaps accomplishing what the plaintiff sought to achieve by the lawsuit, lacks the necessary judicial imprimatur on the change” (Buckhannon Board & Care Home, Inc. v West Virginia Dept. of Health & Human Resources, 532 US at 605).
Here, Swergold’s success in obtaining the requested relief was based upon the voluntary actions of the Comptroller and the Retirement System, “which [were] not enforced by a consent decree or judgment of Supreme Court” (Matter of Vetter v Board of Educ., Ravena-Coeymans-Selkirk Cent. School Dist., 53 AD3d at 849). Simply put, such “is not the stuff of which legal victories are made” (Hewitt v Helms, 482 US 755, 760 [1987]). Accordingly, Swergold is not entitled to an award of counsel fees under 42 USC § 1988.
Finally, petitioners argue — and the Attorney General concedes — that any sum awarded should include a reasonable fee for services performed in preparing and defending the fee application (see Weyant v Okst, 198 F3d 311, 316 [1999]). Accordingly, upon remittal, Supreme Court should consider this issue as well. Petitioners’ remaining contentions, to the extent not specifically addressed, have been examined and found to be lacking in merit.
Mercure, J.P, Spain, Malone Jr. and Kavanagh, JJ., concur. Ordered that orders are modified, on the law, without costs, by reversing so much thereof as denied an award of counsel fees to petitioner Albert A. D’Agostino and limited the award of counsel fees to petitioner David A. Hoover; matter remitted to the Supreme Court for further proceedings not inconsistent with this Court’s decision; and, as so modified, affirmed

. The Comptroller, his office and the Retirement System initially filed a cross appeal, which they have elected not to pursue.

. The Equal Access to Justice Act authorizes the recovery of counsel fees and other reasonable expenses in certain actions brought against the state (see CPLR 8600). Any application for such fees and expenses must be brought within 30 days of the final judgment in the action (see CPLR 8601 [b]).

. The stated basis for the underlying 42 USC § 1983 claims was the deprivation of petitioners’ procedural due process rights.

. It does not appear that the Northern District of New York has a local rule on point.

. We note in passing that the concept of “[e]xcusable neglect is intended and has proven to be quite elastic in its application. In essence it is an equitable concept that must take account of all relevant circumstances of the party’s failure to act within the required time” (Smith v Thebaud, 258 FED 207, 209 [ED NY 2009] [internal quotation marks and citation omitted]; see Tancredi v Metropolitan Life Ins. Co., 378 F3d at 228).