■ In the Matter of JAY A. KRAVITZ, Appellant, v THOMAS P. DiNAPOLI, as Comptroller of the State of New York and Administrator of the New York State and Local Employees' Retirement System, et al., Respondents. [997 NYS2d 801]—

Stein, J. Appeal from a judgment of the Supreme Court (Ceresia Jr., J.), entered September 18, 2013 in Albany County, which, in a proceeding pursuant to CPLR article 78, granted respondents' motion to dismiss the petition.

Petitioner is a licensed physician who provided part-time professional services to four public school districts since the mid-1980s. In association with such services, petitioner was

reported as a school employee to respondent New York State and Local Employees' Retirement System and made annual contributions toward his public pension. In a September 2011 letter from respondent Comptroller, petitioner was notified that it had been determined that he was an independent contractor, as opposed to an employee of the school districts that he served. The letter further stated that the determination would result in the loss of approximately 20 years of service credits in the Retirement System and advised petitioner that he had the right to a hearing to challenge the determination but that, if no hearing was requested within four months, the service credits would be removed and any contributions he made would be refunded. Petitioner timely requested a hearing, but such hearing has not yet taken place.[1]

In October 2012, petitioner filed an application with the Retirement System. In response, petitioner received a letter acknowledging his pending request for a hearing, but stating that, due to the loss of approximately 20 years of service credits, his remaining 1.55 years of service credits rendered him ineligible to receive a pension benefit at that time. Petitioner's counsel then sent a letter to the Deputy Comptroller, opposing the removal of petitioner's service credits and requesting that the Retirement System process petitioner's retirement application pending the hearing. Shortly thereafter, the Retirement System notified petitioner that he was not eligible for retirement benefits because he had insufficient years of service credits and canceled his retirement application.

Petitioner subsequently commenced this CPLR article 78 proceeding seeking, as pertinent here, a judgment declaring that respondents' removal of his service credits and refusal to accept and process his retirement application was, among other things, arbitrary and capricious and a violation of due process, and directing the Retirement System to accept and process his retirement application. Respondents moved to dismiss the petition for failure to state a cause of action pursuant to CPLR 3211 (a) (7) and for failure to exhaust administrative remedies. Determining that petitioner failed to exhaust his administrative remedies, Supreme Court granted the motion and this appeal by petitioner ensued.

We reverse. "It is well settled that the Comptroller is vested with the exclusive authority to determine all applications for

---

1. It is not entirely clear from the record why this is so. However, the record includes a November 2012 letter from petitioner's attorney requesting that the hearing be deferred until the following August due to petitioner's absence from the country.

retirement benefits" (*Matter of Spencer v New York State & Local Employees' Retirement Sys.*, 220 AD2d 792, 793 [1995] [citation omitted]; *see* Retirement and Social Security Law § 74 [b]; *Matter of Chichester v DiNapoli*, 108 AD3d 924 [2013]; *Matter of Ratzker v Office of the N.Y. State Comptroller [N.Y. State & Local Retirement Sys.]*, 106 AD3d 1321, 1322 [2013], *lv denied* 22 NY3d 854 [2013]; *Matter of Lewandowski v New York State & Local Police & Fire Retirement Sys.*, 69 AD3d 1027, 1028 [2010]). Judicial review is limited to ascertaining whether the Comptroller's determination is supported by substantial evidence in the record as a whole, in which case the determination must be upheld (*see Matter of Chichester v DiNapoli*, 108 AD3d at 925; *Matter of Ratzker v Office of the N.Y. State Comptroller [N.Y. State & Local Retirement Sys.]*, 106 AD3d at 1322).

Moreover, as a general rule, "one who objects to the act of an administrative agency must exhaust available administrative remedies before being permitted to litigate in a court of law" (*Town of Oyster Bay v Kirkland*, 19 NY3d 1035, 1038 [2012], *cert denied* 568 US —, 133 S Ct 1502 [2013] [internal quotation marks, brackets and citation omitted]; *accord Watergate II Apts. v Buffalo Sewer Auth.*, 46 NY2d 52, 57 [1978]; *Matter of Connerton v Ryan*, 86 AD3d 698, 699 [2011]; *Matter of Davis v County of Westchester*, 42 AD3d 791, 792 [2007], *appeal dismissed* 9 NY3d 953 [2007]). However, there are exceptions to the exhaustion doctrine, including where "resort to an administrative remedy would be futile or when its pursuit would cause irreparable injury" or where "an agency's action is challenged as either unconstitutional or wholly beyond its grant of power" (*Watergate II Apts. v Buffalo Sewer Auth.*, 46 NY2d at 57; *see Matter of Connerton v Ryan*, 86 AD3d at 699; *cf. Matter of Sabino v DiNapoli*, 90 AD3d 1392, 1393 [2011]).

Here, respondents argue that, inasmuch as the Retirement System has not made a final determination with regard to petitioner's service credits and retirement application, the matter is not ripe for judicial consideration, referencing our decision in *Swergold v Cuomo* (70 AD3d 1290 [2010]). Petitioner counters that, even though no hearing has occurred, the matter is ripe for review because respondents have already removed his service credits and canceled his retirement application, resulting in a violation of his constitutional due process rights to such a predeprivation hearing. We agree with petitioner.

Initially, we find *Swergold* to be distinguishable. In that case, we found that the plaintiffs' due process claims were rendered moot and/or were premature after the Retirement System restored their service credits pending administrative hearings

and averred that it would not revoke those credits until the completion of such hearings (*id.* at 1293). Here, however, there has been no restoration of service credits. In fact, not only has the Retirement System removed petitioner's service credits, it has also canceled petitioner's retirement application and has not represented that it would restore his service credits until his hearing is completed and a final determination is rendered. Thus, requiring petitioner to exhaust his administrative remedies arguably could cause irreparable injury, for example, in the event of his death pending an administrative hearing.

Additionally, we find that the allegations in the petition do not raise an issue of fact that " 'should initially be addressed to the administrative agency having responsibility so that the necessary factual record can be established' " (*Matter of Sabino v DiNapoli*, 90 AD3d at 1394, quoting *Matter of Schulz v State of New York*, 86 NY2d 225, 232 [1995], *cert denied* 516 US 944 [1995]; *compare Matter of Grattan v Department of Social Servs. of State of N.Y.*, 131 AD2d 191, 195 [1987], *lv denied* 70 NY2d 616 [1988]). Under these circumstances, we conclude that petitioner has a cognizable constitutional claim regarding the prehearing removal of his service credits and cancellation of his retirement application that is ripe for our review and survives respondents' motion to dismiss.[2] Nonetheless, inasmuch as the appeal comes before us on a pre-answer motion to dismiss, the matter must be remitted to Supreme Court to permit respondents to serve an answer to the petition.[3]

Peters, P.J., Garry, Lynch and Devine, JJ., concur. Ordered that the judgment is reversed, on the law, without costs, motion

---

**2.** Although not explicitly stated, the allegations in the petition that respondents' actions were arbitrary and capricious, coupled with the request for a direction that the Retirement System not only accept, but also *process*, petitioner's retirement application, could be read as indicating that petitioner is challenging not only the prehearing removal of his service credits, but also the September 2011 determination that he was an independent contractor. However, petitioner emphasizes in his brief that he is *not* seeking a judicial determination as to the merits of the determination regarding his employment status and that he intends to continue to pursue his challenge to such determination when he appears at the hearing that he requested several years ago. To the extent that the petition could be read otherwise, inasmuch as petitioner has failed to exhaust his administrative remedies with respect to the September 2011 determination, any challenge thereto—and any related request for the payment of retirement benefits based on the disputed service credits—would be premature.

**3.** Considering the viability of the petition, we are of the view that respondents should be precluded from removing petitioner's service credits and refusing to accept his retirement application until a final determination is made by Supreme Court with respect to the petition and by the Comptroller as to his employment status after an administrative hearing.

denied, and matter remitted to the Supreme Court to permit respondents to serve an answer within 20 days of this Court's decision.

