■ In the Matter of SHANE HYATT, Appellant, v ANTHONY J. ANNUCCI, as Acting Commissioner of Corrections and Community Supervision, Respondent. [22 NYS3d 253]—

Appeal from a judgment of the Supreme Court (Feldstein, J.), entered July 31, 2014 in Clinton County, which, in a proceeding pursuant to CPLR article 78, granted respondent's motion to dismiss the petition.

Petitioner was charged in two misbehavior reports with disciplinary rule violations arising from two separate incidents. Following a combined tier III disciplinary hearing, a determination was issued finding petitioner guilty of the charges contained in both reports. He sought to file a late administrative appeal, but his request was denied. Thereafter, petitioner commenced this CPLR article 78 proceeding challenging the disciplinary determination. Respondent moved to dismiss the petition for failure to exhaust administrative remedies. Supreme Court granted the motion and petitioner now appeals.

Petitioner argues that Supreme Court erred in dismissing his petition for failure to exhaust administrative remedies because he raises constitutional claims that are an exception to the exhaustion requirement. We find his argument to be unpersuasive. Although petitioner couches his claims in constitutional terms, a review of the petition reveals that he is challenging specific aspects of the disciplinary hearing, including, among other things, the adequacy of his assistance, the sufficiency of the misbehavior report, the alleged denial of documents and witnesses and the adequacy of the written disposition. Inasmuch as these claims are fact-dependent and their resolution requires the development of an administrative record, they should first be addressed to the agency having responsibility (*see Town of Oyster Bay v Kirkland*, 19 NY3d 1035, 1038 [2012], *cert denied* 568 US —, 133 S Ct 1502 [2013]; *Matter of Sabino v DiNapoli*, 90 AD3d 1392, 1393-1394 [2011]).

Notably, " 'the mere assertion that a constitutional right is involved will not excuse the failure to pursue established administrative procedures that can provide adequate relief' " (*Matter of Sabino v DiNapoli*, 90 AD3d at 1393-1394, quoting *Matter of Pfaff v Columbia-Greene Community Coll.*, 99 AD2d 887, 888 [1984]; *see Matter of Valvano v Jones*, 122 AD2d 336, 336 [1986]). Here, pursuing a timely administrative appeal would have provided adequate relief to petitioner as he could have potentially obtained the reversal and expungement of the disciplinary determination, which is the primary relief that he requested in his petition. Given that the exception to the exhaustion requirement is inapplicable under the circumstances presented, Supreme Court properly dismissed the petition. Petitioner's reliance on *Matter of Stallone v Fischer* (67 AD3d 125 [2009]) does not compel a contrary result.

Lahtinen, J.P., McCarthy, Egan Jr. and Devine, JJ., concur. Ordered that the judgment is affirmed, without costs.