In the Matter of SHANE HYATT, Appellant, v ANTHONY J. ANNUCCI, as Acting Commissioner of Corrections and Community Supervision, Respondent. [21 NYS3d 651]—

Appeal from a judgment of the Supreme Court (Feldstein, J.), entered July 31, 2014 in Clinton County, which, in a proceeding pursuant to CPLR article 78, granted respondent's motion to dismiss the petition.

Petitioner was charged in two misbehavior reports with multiple disciplinary rule violations and was found guilty of many of the charges following a combined tier III disciplinary hearing. His subsequent request to file a late administrative appeal was denied. Thereafter, he commenced this CPLR article 78 proceeding seeking to challenge the disciplinary determination. Respondent moved to dismiss the petition for failure to exhaust administrative remedies. Supreme Court granted the motion and petitioner now appeals.

Petitioner contends that the petition should not have been dismissed for failure to exhaust administrative remedies because he raises constitutional claims that are not subject to the exhaustion requirement. This is the same argument that he raised and that this Court rejects in petitioner's companion appeal (*Matter of Hyatt v Annucci*, 134 AD3d 1359 [2015] [decided herewith]). Given that the claims asserted here are similar to the fact-dependent claims raised in that case, Supreme Court properly dismissed the petition (*see id.*).

McCarthy, J.P., Garry, Rose and Clark, JJ., concur. Ordered that the judgment is affirmed, without costs.