■ 11TH ST. ASSOC. LLC, Appellant, v CITY OF NEW YORK et al., Respondents. [30 NYS3d 550]—

Order, Supreme Court, New York County (Margaret A. Chan, J.), entered October 17, 2013, which, insofar as appealed from, denied plaintiff's motion for summary judgment on the fourth, sixth, seventh, and eighth causes of action, and granted defendants' cross motion for summary judgment dismissing the tenth cause of action, unanimously modified, on the law, to deny defendants' cross motion except as to the part of the tenth cause of action seeking to recover sums in excess of the amounts stated in the notice of claim, and otherwise affirmed, without costs.

Plaintiff's failure to update its October 2010 notice of claim to reflect the subsequent accrual of additional unpaid nightly room rates incurred on behalf of the clients named in the notice of claim and the later filed complaint is fatal to its claim for those additional payments (Administrative Code of City of NY § 7-201 [a]; *Varsity Tr., Inc. v Board of Educ. of City of N.Y.*, 5 NY3d 532 [2005]; *see also Schiavone Constr. Co., Inc. v City of New York*, 106 AD3d 427 [1st Dept 2013]).

Since this issue turns entirely on the construction of Administrative Code § 7-201 (a), and, as such, is "a pure question of law," it is not amenable to application of the doctrine of collateral estoppel (*American Home Assur. Co. v International Ins. Co.*, 90 NY2d 433, 440 [1997]; *Matter of Held v New York State Workers' Compensation Bd.*, 58 AD3d 971, 972-973 [3d Dept 2009]). Concur—Sweeny, J.P., Renwick, Andrias, Kapnick and Kahn, JJ.