Matter of Guilderland Print., Inc. v New York State Off. of Temporary & Disability Assistance (2018 NY Slip Op 05390)





Matter of Guilderland Print., Inc. v New York State Off. of Temporary & Disability Assistance


2018 NY Slip Op 05390


Decided on July 19, 2018


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: July 19, 2018

525913

[*1]In the Matter of GUILDERLAND PRINTING, INC., Appellant,
v
NEW YORK STATE OFFICE OF TEMPORARY AND DISABILITY ASSISTANCE et al., Respondents.

Calendar Date: June 8, 2018

Before: McCarthy, J.P., Egan Jr., Lynch, Clark and

 Pritzker, JJ.

Roemer Wallens Gold & Mineaux LLP, Albany (Matthew J. Kelly of counsel), for appellant.
Barbara D. Underwood, Attorney General, Albany (Owen Demuth of counsel), for respondents.



MEMORANDUM AND ORDER
Pritzker, J.
Appeals (1) from a judgment of the Supreme Court (Collins, J.), entered February 16, 2017 in Albany County, which dismissed petitioner's application, in a proceeding pursuant to CPLR article 78, to review a determination of respondents rejecting petitioner's bid for a contract, and (2) from an order of said court, entered May 4, 2017 in Albany County, which denied petitioner's motion to vacate the judgment.
In 2011, respondent New York State Office of Temporary and Disability Assistance (hereinafter OTDA) identified a need to
purchase certain commodities and services, and it subsequently issued an invitation for bids (hereinafter IFB) for six distinct lots that would result in six separate contracts. Petitioner submitted bids for lots 5 and 6 and was thereafter advised by OTDA that it was the responsive and responsible bidder on both lots, but OTDA requested additional information from petitioner regarding lot 6. On March 1, 2013, OTDA informed petitioner, by email, that it was being awarded the lot 5 contract, but that OTDA planned to award the lot 6 contract to New York State Industries for the Disabled (hereinafter NYSID), which was a preferred source for photocopying and reproduction services, but not for printing services that were being sought by the IFB.
In May 2014, NYSID applied to the Office of General Services (hereinafter OGS) for permission to add digital printing services as part of its preferred source offering, but the application was denied. Following that denial, petitioner wrote to the Director of Contracts for the Office of the State Comptroller (hereinafter OSC) requesting that the contract be awarded to petitioner, who was the lowest bidder, and asserting that OTDA was attempting to circumvent the competitive bid process. Petitioner did not receive a response. Ultimately, negotiations between NYSID and OTDA failed and no contract was executed. Subsequently, OTDA rejected all bids on lot 6 and purchased the required services through its discretionary purchasing authority pursuant to State Finance Law § 163 (6).
In June 2016, OSC released a report (hereinafter the audit report) following an audit of agency contracts with preferred source member agencies, including NYSID. OSC found, among other things, that "[m]any NYSID contracts awarded for reproduction services appear to have circumvented the competitive process . . . [because] these contracts were actually for digital printing, a service that the Procurement Council has specifically excluded from the [p]rogram." Based upon the findings and conclusions of the audit report, petitioner commenced this CPLR article 78 proceeding in August 2016 on the ground that the lot 6 contract is among those that were tainted by the manipulation and circumvention of the competitive bidding statutes by OTDA and NYSID. Supreme Court dismissed the petition, and petitioner subsequently moved to renew and reargue. Supreme Court, treating the motion as one to vacate pursuant to CPLR 5015, denied the motion. Petitioner now appeals from both the judgment and the order. We affirm.
"It is hornbook law that one who objects to the act of an administrative agency must exhaust available administrative remedies before being permitted to litigate in a court of law" (Watergate II Apts. v Buffalo Sewer Auth., 46 NY2d 52, 57 [1978] [citation omitted]; see Town of Oyster Bay v Kirkland, 19 NY3d 1035, 1038 [2012], cert denied 568 US 1213 [2013]). "The exhaustion rule, however, is not an inflexible one. It is subject to important qualifications. It need not be followed, for example, when an agency's action is challenged as either unconstitutional or wholly beyond its grant of power, or when resort to an administrative remedy would be futile or when its pursuit would cause irreparable injury" (Watergate II Apts. v Buffalo Sewer Auth., 46 NY2d at 57 [citations omitted]; accord Matter of Kravitz v DiNapoli, 122 AD3d 1199, 1201 [2014]).
Here, the IFB set forth the procedure for an aggrieved bidder to challenge the bid and procurement process and/or the contract award. Specifically, an aggrieved bidder was required to file a formal written protest with the Director of OTDA's Bureau of Contract Management setting forth the legal and factual grounds for disagreement with a purchasing decision or pending contract award within seven days after the protesting party knew or should have known of the facts forming the basis of the protest. Inasmuch as petitioner did not file a formal written protest as required, Supreme Court properly determined that petitioner failed to exhaust its administrative remedies (see Watergate II Apts. v Buffalo Sewer Authority, 46 NY2d at 57; Matter of AAA Carting & Rubbish Removal, Inc. v Town of Stony Point, N.Y., 159 AD3d 1036, 1039 [2018]).
Petitioner, however, claims that it is excused from pursuing administrative remedies. Initially, we are unpersuaded by petitioner's contention that resorting to administrative remedies would have been futile because it "remain[ed] in the dark" by OTDA as to the status of the lot 6 contract. To the contrary, petitioner was unequivocally informed on March 1, 2013 that OTDA planned to award the lot 6 contract to a preferred source and, as such, we disagree with petitioner that resorting to administrative remedies would have been futile (compare Lehigh Portland [*2]Cement Co. v New York State Dept. of Envtl. Conservation, 87 NY2d 136, 142 [1995]; Matter of Kaneev v City of New York Envtl. Control Bd., 149 AD3d 742, 743-744 [2017]). Further, we find petitioner's reliance on the 2016 audit report and the alleged longstanding policy of awarding contracts to NYSID to be irrelevant and insufficient to demonstrate that a formal written protest would have been futile.
Petitioner also contends that it is excused from exhausting available administrative remedies because, given its alleged pattern of unlawful conduct, OTDA acted ultra vires. Ultimately, to decide whether OTDA acted unlawfully, it must be determined whether the services required for lot 6 were properly characterized as "reproduction" or "printing" because printing services are governed by rules protecting the competitive bidding process. Here, the requirement of exhaustion is particularly important as this question of fact would be examined in an administrative proceeding prior to judicial review (see Watergate II Apts. v Buffalo Sewer Auth., 46 NY2d at 57; Coleman v Daines, 79 AD3d 554, 563-564 [2010], affd 19 NY3d 1087 [2012]). Further, petitioner has not established, by its papers alone, that OTDA acted wholly beyond its grant of power, given that OTDA was permitted to procure work on lot 6 by a preferred source, if appropriate, and that it retained the power to reject all bids under certain circumstances (see State Finance Law § 163 [4] [a]; [9] [d]; see generally Watergate II Apts. v Buffalo Sewer Auth., 46 NY2d at 58). Accordingly, we find that petitioner was not excused from exhausting its administrative remedies and, as such, Supreme Court properly dismissed petitioner's application. To the extent that petitioner's other arguments have not been directly addressed by this decision, said arguments have been considered and found to be without merit.
McCarthy, J.P., Egan Jr., Lynch and Clark, JJ., concur.
ORDERED that the judgment and order are affirmed, without costs.