■ In the Matter of WAYNE THOMAS, Appellant, v EXECUTIVE DEPARTMENT OF THE DIVISION OF PAROLE OF THE STATE OF NEW YORK, Respondent. [727 NYS2d 349] —Appeal from a judgment of the Supreme Court (Nolan, Jr., J.), entered June 1, 2000 in Albany County, which dismissed petitioner's application, in a proceeding pursuant to CPLR article 78, to review a determination of the Board of Parole revoking petitioner's parole.

Petitioner was sentenced to four concurrent sentences of 5 to 15 years in prison following his 1990 conviction of four counts of criminal possession of a controlled substance in the third degree. He was released to parole supervision in November 1997. Following a final parole revocation hearing in November 1998, petitioner's parole was revoked and a time assessment of time served plus three months was imposed. Following his second release to parole supervision in April 1999, petitioner was charged with violating various conditions of parole. A final parole revocation hearing was held in April 2000, petitioner's parole was revoked and an 11-month time assessment was imposed. The determination was subsequently revised on June 8, 2000 and petitioner was sentenced to time served and restored to parole supervision. In December 1999, petitioner commenced the instant CPLR article 78 proceeding to challenge, *inter alia*, the November 1998 decision of the Administrative Law Judge revoking petitioner's parole and seeking to challenge the jurisdiction of the Board of Parole to conduct a final parole revocation hearing with respect to the then-current parole violation charges pending against him. Supreme Court dismissed the petition finding that it was, *inter alia*, untimely interposed and failed to state a cause of action. Petitioner appeals and we affirm.

Initially, we agree with Supreme Court that inasmuch as petitioner's arguments in connection with his 1990 conviction were or could have been raised on his direct appeal (*see, People v Thomas*, 232 AD2d 587, *lv denied* 89 NY2d 930), they are barred by the doctrine of res judicata (*see, Matter of Davila v Travis*, 283 AD2d 744). Moreover, his challenge to the November 1998 parole revocation fails to state a cause of action inasmuch as petitioner's administrative appeal from that determination was not timely perfected and, accordingly, he failed to exhaust his administrative remedies (*see, People ex rel. Webster v Travis*, 277 AD2d 546; *see also*, 9 NYCRR 8006.1 [f]). To the extent that the petition may be construed as challenging the parole revocation proceedings that were underway at the time of commencement, we are in agreement with Supreme Court that such challenge was premature as a final determination had not yet been made (*see, id.*). Likewise, Supreme Court correctly determined that petitioner's challenge to the November 1998 parole revocation is time barred inasmuch as the proceeding was commenced in December 1999, well beyond the four-month Statute of Limitations period (*see, Matter of Parker v Executive Dept., Bd. of Parole*, 278 AD2d 767). In any event, petitioner's subsequent release to parole supervision renders this proceeding moot (*see, Matter of Eastman v New York State*

*Bd. of Parole,* 247 AD2d 740). Petitioner's remaining contentions are either lacking in merit or not properly before this Court.

Cardona, P. J., Peters, Carpinello, Mugglin and Lahtinen, JJ., concur. Ordered that the judgment is affirmed, without costs.