■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v WARREN FOSTER, Appellant. [750 NYS2d 761] —Judgment, Supreme Court, New York County (Richard Carruthers, J.), rendered October 31, 1997, convicting defendant, after a jury trial, of robbery in the second degree, and sentencing him, as a persistent violent felony offender, to a term of 16 years to life, and order, same court and Justice, entered on or about September 25, 2000, which denied defendant's motion to vacate his conviction pursuant to CPL 440.10, unanimously affirmed.

The verdict was based on legally sufficient evidence and was not against the weight of the evidence. Issues of credibility, including the weight to be given to inconsistencies in the victim's testimony, were properly considered by the jury and there is no basis for disturbing its determinations (*see People v Gaimari*, 176 NY 84, 94). The victim's credible testimony clearly established the element of physical injury (*see People v Guidice*, 83 NY2d 630, 636).

The challenged portions of the People's summation generally constituted fair comment on the evidence and reasonable inferences to be drawn therefrom, made in response to defense arguments, and did not deprive defendant of a fair trial (*see People v Overlee*, 236 AD2d 133, *lv denied* 91 NY2d 976; *People v D'Alessandro*, 184 AD2d 114, 118-119, *lv denied* 81 NY2d 884). The court's curative actions were sufficient to prevent any questionable remarks from causing any prejudice.

Defendant's challenge to the court's charge is unpreserved (*see People v Whalen*, 59 NY2d 273, 280), and we decline to review it in the interest of justice. Were we to review this claim, we would find that the challenged portion of the court's charge appears to be incorrectly recorded. In any event, the charge as a whole properly conveyed to the jury the proper standard for determining whether the victim had sustained physical injury (*see People v Fields*, 87 NY2d 821).

The court properly denied defendant's CPL 440.10 motion. The record supports the court's finding that defendant was not prejudiced by the nondisclosure of *Rosario* material. The undisclosed portion of a police report did not contain any valuable

impeachment material that was not available to defendant at his trial.

We have considered and rejected defendant's remaining claims. Concur—Tom, J.P., Buckley, Friedman, Marlow and Gonzalez, JJ.