In the Matter of TERENCE BODDIE, Appellant, v GEORGE ALEXANDER, as Chair of the Division of Parole, Respondent. [885 NYS2d 787]—

Appeal from a judgment of the Supreme Court (Sackett, J.), entered May 14, 2009 in Albany County, which, in a proceeding pursuant to CPLR article 78, granted respondents' motion to dismiss the petition for failure to exhaust administrative remedies.

Petitioner was sentenced to 11 concurrent prison terms, the greatest of which were 6 to 18 years, following his 1993 conviction of four counts of rape in the first degree, five counts of sodomy in the first degree and two counts of sexual abuse in the first degree. He was released to parole supervision in January 2005. Following a final parole revocation hearing in December 2007, petitioner's parole was revoked and a time assessment of 24 months was imposed by the Board of Parole. Petitioner filed a notice of appeal in January 2008 and was notified that he had until May 2008 to perfect his administrative appeal, which he failed to do. In October 2008, petitioner commenced the instant CPLR article 78 proceeding seeking to annul the Board's determination. Respondent thereafter moved to dismiss the petition on the ground that petitioner had failed to exhaust his administrative remedies. Supreme Court dismissed the petition. Petitioner appeals and we now affirm.

A challenge to the revocation of parole fails to state a cause of action when an administrative appeal from the determination is not timely perfected and, thus, the petitioner has failed to exhaust his or her administrative remedies (*see Matter of Thomas v Executive Dept. of Div. of Parole of State of N.Y.*, 285 AD2d 688, 689 [2001], *appeal dismissed and lv denied* 97 NY2d 669 [2001]; *People ex rel. Webster v Travis*, 277 AD2d 546 [2000]). Here, the credible evidence demonstrates that petitioner failed to perfect his administrative appeal. Nor do we find that petitioner was excused from doing so based upon his "mere assertion that a constitutional right is involved" (*Matter of Valvano v Jones*, 122 AD2d 336, 336 [1986], quoting *Matter of Pfaff v Columbia-Greene Community Coll.*, 99 AD2d 887, 888 [1984]; *see Matter of Roberts v Coughlin*, 165 AD2d 964, 966 [1990]) inasmuch as his substantive claim—that the application of the 1997 amendments to 9 NYCRR 8005.20 (c) and (d) violated the ex post facto doctrine because he was sentenced prior to the promulgation of the amendments—has been previously rejected by this Court (*see Matter of Suce v Taylor*, 37 AD3d 886, 887 [2007], *lv denied* 9 NY3d 803 [2007]; *Matter of Robinson v Bennett*, 300 AD2d 715, 716 [2002]).

As such, we find Supreme Court did not err in dismissing the petition for petitioner's failure to exhaust his administrative remedies.

Mercure, J.P., Spain, Kane, Kavanagh and Garry, JJ., concur. Ordered that the judgment is affirmed, without costs.