Appeal from a judgment of the Supreme Court (O’Connor, J.), entered December 24, 2009 in Ulster County, which, in a proceeding pursuant to CFLR article 78, granted respondent’s motion to dismiss the petition.
In October 2003, petitioner was convicted of robbery in the second degree and menacing in the second degree and sentenced to prison terms of 3½ years and one year, respectively, to be served concurrently. Petitioner’s most recent parole release occurred on August 1, 2007. In April 2008, as relevant here, petitioner was charged with failing to report and changing his residence without notifying his parole officer. Following a final revocation hearing, petitioner’s parole was revoked and a time *1156 assessment of 24 months was imposed. In July 2008, petitioner filed a notice of appeal with respondent Division of Parole, but he thereafter failed to perfect his appeal. Meanwhile, also in July 2008, petitioner applied for a writ of habeas corpus in Supreme Court, Bronx County, challenging the determination revoking his parole. Supreme Court (Lorenzo, J.) denied the writ in all respects. Thereafter, petitioner commenced this CPLR article 78 proceeding, again challenging the revocation of his parole and seeking review of the Bronx County order denying his petition for habeas corpus. Upon respondents’ motion, Supreme Court (O’Connor, J.) dismissed the petition as barred by the statute of limitations. Petitioner now appeals and we affirm, albeit on different grounds in part.
First addressing petitioner’s challenge to the revocation of his parole, a petition fails to state a cause of action when an administrative appeal from the determination is not timely perfected, resulting in a failure to exhaust administrative remedies (see Matter of Boddie v Alexander, 65 AD3d 1446, 1447 [2009], appeal dismissed 13 NY3d 886 [2009]; Matter of Thomas v Executive Dept, of Div. of Parole of State of N.Y., 285 AD2d 688, 689 [2001], appeal dismissed and lv denied 97 NY2d 669 [2001]). Here, petitioner’s admission that he failed to perfect his administrative appeal required that the petition be dismissed. Further, any review of the order denying petitioner’s request for a writ of habeas corpus, not the proper subject of a CPLR article 78 proceeding in any event, has been rendered moot by his release from detention (see CPLR 7803; People ex rel. Turner v Sears, 63 AD3d 1404, 1405 [2009]).
In light of our holding, we need not address the parties’ remaining contentions.
Mercure, J.R, Peters, Lahtinen, McCarthy and Garry, JJ., concur. Ordered that the judgment is affirmed, without costs.