■ In the Matter of THOMAS LUTZ, Appellant, v JOHN DEMARS, Superintendent of Altona Correctional Facility, et al., Respondents. [987 NYS2d 121]—

Egan Jr., J. Appeal from a judgment of the Supreme Court (Lawliss, J.), entered May 24, 2013 in Clinton County, which dismissed petitioner's application, in a proceeding pursuant to CPLR article 78, to review (1) a determination of the Board of Parole which revoked petitioner's parole, and (2) a determination of the Department of Corrections and Community Supervision computing petitioner's conditional release date.

Following his conviction of grand larceny in the third degree, petitioner was sentenced to 2⅓ to 7 years in prison. Although petitioner initially was released to parole supervision in January 2009, he was declared delinquent on April 21, 2011 and his parole was revoked. On July 1, 2011, petitioner was turned over to the Department of Corrections and Community Supervision (hereinafter DOCCS) for transfer to a drug treatment facility and was restored to parole supervision as of that date. Although petitioner was paroled for the second time in August 2011, he subsequently was charged with violating his parole. As a result, a final revocation hearing was held in April 2012, at which time petitioner, while represented by counsel, pleaded guilty to a single charge in exchange for the withdrawal of all remaining charges. Petitioner again was returned to DOCCS for transfer to a drug treatment facility and restored to parole supervision. Although petitioner subsequently sought to appeal the April 2012 revocation of his parole, his appeal was rejected as untimely. In July 2012, petitioner was charged with violating his parole a third time and, at the ensuing August 2012 final revocation hearing, petitioner's guilty plea to that charge was accepted and he was ordered to complete the minimum sentence of his prison term, minus any jail time credit to which he was entitled.

In December 2012, petitioner commenced this CPLR article 78 proceeding challenging the April 2012 determination revoking his parole,* as well as a separate determination by DOCCS calculating his conditional release date as December 27, 2013, rather than May 11, 2013. Supreme Court dismissed the petition in its entirety, prompting this appeal by petitioner.

We affirm. Initially, we note that DOCCS's website confirms that petitioner was released to parole supervision on December 27, 2013. Even accepting that petitioner's challenge to the April 2012 final revocation hearing was not rendered moot as a result, we nonetheless conclude that Supreme Court properly dismissed this part of the petition given petitioner's failure to exhaust his administrative remedies by timely perfecting his administrative appeal (see Matter of Boddie v Alexander, 65 AD3d 1446, 1447 [2009], appeal dismissed 13 NY3d 886 [2009]).

As for petitioner's challenge to the calculation of his conditional release date, we note that petitioner's current release to parole supervision has not rendered this claim moot, inasmuch as certain of his contentions, if accepted, arguably could affect the calculation of his sentence's maximum expiration date (see People ex rel. Howard v Yelich, 87 AD3d 772, 773 [2011]). Nevertheless, we are unpersuaded by petitioner's arguments. An inmate's tentative conditional release date is calculated by subtracting from his or her maximum expiration date the full amount of good time that he or she is eligible to earn pursuant to Correction Law § 803; where, as here, the inmate is released on parole and that release is revoked, the maximum good time that the inmate can earn is one third of the time remaining on the maximum term (see Penal Law § 70.40 [1] [b]). When petitioner was returned as a parole violator on August 30, 2012, one third of the time remaining on his maximum term was eight months and 21 days. Subtracting that amount from petitioner's maximum expiration date of September 18, 2014 results in the calculation of petitioner's earliest conditional release date as December 27, 2013. Inasmuch as petitioner's proof fails to demonstrate that this calculation was erroneous, we find no basis to disturb Supreme Court's dismissal of that part of the petition.

Peters, P.J., Stein, Garry and Clark, JJ., concur. Ordered that the judgment is affirmed, without costs.

---

* We note that petitioner specifically indicated in his petition that he was not challenging the August 2012 revocation determination in this proceeding.