*State of New York*
*Supreme Court, Appellate Division*
*Third Judicial Department*

Decided and Entered:  November 20, 2014          518067
_____

In the Matter of CAROL A.
   PALM, Formerly Known as
   CAROL P. WILLIAMSON,
                    Appellant,
        v                              MEMORANDUM AND ORDER

JOHN B. KING JR., as
   Commissioner of Education,
                    Respondent.
_____

Calendar Date:  October 9, 2014

Before:  Stein, J.P., Garry, Rose, Lynch and Devine, JJ.

_____

        Schrader Israely & DeLuca, LLP, Getzville (R. Scott DeLuca
of counsel), for appellant.

        Eric T. Schneiderman, Attorney General, Albany (Kathleen M.
Treasure of counsel), for respondent.

_____

Garry, J.

        Appeal from a judgment of the Supreme Court (Mercure, J.),
entered September 12, 2013 in Albany County, which dismissed
petitioner's application, in a proceeding pursuant to CPLR
article 78, to review a determination of respondent revoking
petitioner's teaching certificate.

        Petitioner, an employee of the Williamsville Central School
District, held permanent state certification as a teacher of
English for grades 7 through 12.  In 2008, one of her former
students advised a school administrator that petitioner had
engaged in a sexual relationship with her before the student

graduated in 1993.  The school reported the allegation to the Department of Education pursuant to 8 NYCRR part 83, which sets forth procedures for challenges to the moral character of certified teachers (hereinafter the part 83 regulations).  After an investigation by the Department's Office of School Personnel Review and Accountability (hereinafter OSPRA), respondent issued a notice of substantial question of moral character (see 8 NYCRR 83.2, 83.3).  Following a hearing, the Hearing Officer found that petitioner lacked the requisite moral character and recommended the revocation of her teaching certificate.

After receiving the Hearing Officer's decision, petitioner sent correspondence to the Department in February 2012 stating that she intended to appeal, followed in March 2012 by additional correspondence.  Respondent determined that the March 2012 correspondence constituted petitioner's appeal, dismissed it as untimely, and revoked her teaching certificate.  Petitioner then commenced this proceeding pursuant to CPLR article 78 seeking, among other things, to annul respondent's determination.  Respondent submitted an answer with objections in point of law asserting, among other things, that the appeal was properly dismissed as untimely and that petitioner had failed to exhaust her administrative remedies.  Supreme Court dismissed the petition on these grounds, and petitioner appeals.

It is well settled that one who challenges an administrative action must exhaust all available administrative remedies before seeking judicial review (see Town of Oyster Bay v Kirkland, 19 NY3d 1035, 1038 [2012], cert denied ___ US ___, 133 S Ct 1502 [2013]; Matter of Hudson Riv. Val., LLC v Empire Zone Designation Bd., 115 AD3d 1035, 1037 [2014]; Matter of Sabino v DiNapoli, 90 AD3d 1392, 1393 [2011]).  Failure to timely file or perfect an administrative appeal constitutes a failure to exhaust administrative remedies that precludes review pursuant to CPLR article 78 (see Matter of Plummer v Klepak, 48 NY2d 486, 489 [1979], cert denied 445 US 952 [1980]; Matter of Adams v Evans, 92 AD3d 1056, 1057 [2012]).  The part 83 regulations provide that a certified teacher may commence an appeal from the findings and recommendations of a hearing officer within 30 days after receiving them, and that the hearing officer's determination "shall be final" if no such appeal is taken within that time (8

NYCRR 83.5 [c]; see 8 NYCRR 83.5 [a]; Skiptunas v State of New York, 290 AD2d 868, 869 [2002]).

Petitioner received a copy of the Hearing Officer's findings and recommendations on January 20, 2012. On February 7, 2012, she sent a letter to the Department in which she stated that she "fully intend[ed] to appeal" from the decision, asked the Department to recognize the letter "as an official notification of [her] intent to appeal," briefly summarized the grounds for her challenge, and asked for information about appeal procedures.[1] On March 8, 2012, OSPRA submitted a "letter brief" arguing that the Hearing Officer's findings and recommendations should be upheld. An appeals coordinator promptly returned this document to OSPRA, by correspondence copied to petitioner, stating that the Department had not received a petition in the matter and "currently [did] not have a pending appeal for [petitioner]." Thereafter, on March 25, 2012, petitioner sent respondent a document captioned "Petition for Review" setting forth detailed arguments challenging the procedure and grounds underlying the revocation of her teaching certificate. On April 23, 2012, OSPRA submitted a written response arguing, among other things, that petitioner's appeal was untimely. Respondent thereafter issued a determination dismissing the appeal as untimely, based upon a finding that it was commenced on March 25, 2012, after the expiration of the 30-day time limit contained in 8 NYCRR 83.5. Respondent further addressed the substance of petitioner's arguments, finding that even if the appeal had been timely, it would have been without merit.

Petitioner contends that she timely commenced her administrative appeal by sending her initial correspondence to respondent in February 2012, and that her later submission in March 2012 was merely "supplemental." This argument is

---

[1] An appeals coordinator responded by referring petitioner to the part 83 regulations. Notably, respondent had previously furnished petitioner with a copy of these regulations and a plain language summary of hearing and appeal procedures — including information on the applicable time limits — as an attachment to the notice of substantial question of moral character.

contradicted by the express language in the February 2012 letter stating that petitioner intended the letter to notify respondent of her intent to appeal at a later date, and to seek information for that purpose. Notably, 8 NYCRR 83.5 (a) does not provide for commencement by an initial notice of appeal, followed by subsequent submissions; on the contrary, the regulation provides that an appeal is commenced by a single submission of "original appeal papers," which then triggers a corresponding 30-day time limit within which responding papers must be filed. Contrary to petitioner's further argument, OSPRA's initial response to the February 2012 submission lacks legal significance, particularly in light of respondent's prompt rejection of this submission and correspondence advising the parties that no appeal was then pending. Notably, petitioner's subsequent March 2012 letter did not reference the February 2012 submission or claim that an appeal had already been commenced. Accordingly, we agree with Supreme Court that respondent did not act arbitrarily or capriciously in determining that the appeal was not commenced by the February 2012 submission, and that it was untimely (see Matter of Richmondville Volunteer Emergency Squad, Inc. v New York State Dept. of Health, 107 AD3d 1098, 1100 [2013], lv denied 22 NY3d 854 [2013]). As petitioner failed to exhaust her administrative remedies, the court properly dismissed the CPLR article 78 proceeding.

Stein, J.P., Rose, Lynch and Devine, JJ., concur.

ORDERED that the judgment is affirmed, without costs.

ENTER:

Robert D. Mayberger
Clerk of the Court