*State of New York*
*Supreme Court, Appellate Division*
*Third Judicial Department*

Decided and Entered:  September 24, 2015                    520441
_____

In the Matter of WARREN
    FOSTER,
                    Appellant,
        v                                    MEMORANDUM AND ORDER

NEW YORK STATE PAROLE BOARD,
                    Respondent.
_____

Calendar Date:  August 10, 2015

Before:  Lahtinen, J.P., Garry, Devine and Clark, JJ.

                    _____


        Warren Foster, Moravia, appellant pro se.

        Eric T. Schneiderman, Attorney General, Albany (Frank Brady of counsel), for respondent.

                    _____


        Appeal from a judgment of the Supreme Court (McCarthy, J.), entered December 12, 2014 in Albany County, which, in a proceeding pursuant to CPLR article 78, granted respondent's motion to dismiss the petition.

        Petitioner is currently serving a prison term of 16 years to life as a result of his conviction of robbery in the second degree (People v Foster, 300 AD2d 131 [2002], lv denied 99 NY2d 628 [2003]).  He reappeared before the Board of Parole in May 2014 and, following a hearing, the Board denied his application for discretionary parole release and ordered him held for an additional 24 months.  Petitioner filed a notice of appeal to the Board's appeals unit but subsequently withdrew it.  Thereafter petitioner commenced this CPLR article 78 proceeding challenging the Board's determination denying parole.  Supreme Court granted respondent's motion to dismiss based upon petitioner's failure to

exhaust administrative remedies, prompting this appeal.

We affirm. Under established law, "one who objects to the act of an administrative agency must exhaust available administrative remedies before being permitted to litigate in a court of law" (Town of Oyster Bay v Kirkland, 19 NY3d 1035, 1038 [2012], cert denied ___ US ___, 133 S Ct 1502 [2013] [internal quotation marks and citation omitted]; see Matter of Adams v Evans, 92 AD3d 1056, 1057 [2012]; Matter of Connerton v Ryan, 86 AD3d 698, 699 [2011]; see also Executive Law § 259-i [4]; 9 NYCRR 8006.1 et seq.). Supreme Court correctly found that petitioner's withdrawal of his administrative appeal and consequent failure to perfect his appeal and exhaust his administrative remedies preclude judicial review of respondent's determination (see Piedra v New York State Div. of Parole, 117 AD3d 477, 477 [2014]; Matter of Adams v Evans, 92 AD3d at 1057 [2012]; Matter of Boddie v Alexander, 65 AD3d 1446, 1447 [2009], appeal dismissed 13 NY3d 886 [2009]). Petitioner's mere assertion of constitutional claims does not relieve him of the obligation to first exhaust administrative remedies that could provide the requested relief (see Town of Oyster Bay v Kirkland, 19 NY3d at 1038; accord Matter of Schulz v State of New York, 86 NY2d 225, 232 [1995]; Matter of Connerton v Ryan, 86 AD3d at 700; Matter of Boddie v Alexander, 65 AD3d at 1447). Petitioner's claim that the Board failed to properly apply the relevant statutes to his application for release presented factual issues that are reviewable on an administrative appeal (see Town of Oyster Bay v Kirkland, 19 NY3d at 1038; Piedra v New York State Div. of Parole, 117 AD3d at 477).

Lahtinen, J.P., Garry, Devine and Clark, JJ., concur.

ORDERED that the judgment is affirmed, without costs.


ENTER:

Robert D. Mayberger
Clerk of the Court