Matter of Huntley v Stanford (2020 NY Slip Op 02352)





Matter of Huntley v Stanford


2020 NY Slip Op 02352


Decided on April 23, 2020


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: April 23, 2020

530299

[*1]IN the Matter of Jason Huntley, Appellant,
v
Tina M. Stanford, as Chair of the Board of Parole, Respondent.

Calendar Date: March 20, 2020

Before: Garry, P.J., Clark, Mulvey, Aarons and Pritzker, JJ.


Jason Huntley, Otisville, appellant pro se.
Letitia James, Attorney General, Albany (Sarah L. Rosenbluth of counsel), for respondent.



Appeal from a judgment of the Supreme Court (Fisher, J.), entered October 1, 2019 in Albany County, which, in a proceeding pursuant to CPLR article 78, granted respondent's motion to dismiss the petition.
Petitioner currently is serving a prison term of 17 years to life upon his conviction of murder in the second degree. After petitioner reappeared before the Board of Parole in January 2019, his request for discretionary release was denied, and the Board ordered that petitioner be held for an additional 18 months. Rather than pursue an administrative appeal, petitioner commenced this CPLR article 78 proceeding to challenge the Board's determination. Supreme Court granted respondent's motion to dismiss based upon petitioner's failure to exhaust his administrative remedies, prompting this appeal.
"[O]ne who objects to the act of an administrative agency must exhaust available administrative remedies before being permitted to litigate in a court of law" (Matter of Guilderland Print., Inc. v New York State Off. of Temporary & Disability Assistance, 163 AD3d 1318, 1320 [2018] [internal quotation marks and citations omitted]; see Griffiss Local Dev. Corp. v Gardner, 103 AD3d 1276, 1277 [2013], lv denied 21 NY3d 856 [2013]; Matter of Sabino v DiNapoli, 90 AD3d 1392, 1393 [2011]). Although petitioner concedes that he did not exhaust his administrative remedies prior to commencing the instant proceeding, he contends that a recognized exception to the exhaustion doctrine applies here — namely, that "the issue to be determined is purely a question of law" (Matter of Hudson Riv. Val., LLC v Empire Zone Designation Bd., 115 AD3d 1035, 1038 [2014]). We disagree. "Petitioner's claim that the Board failed to properly apply the relevant statutes [and accompanying regulations] to his application for release presented factual issues that are reviewable on an administrative appeal" (Matter of Foster v New York State Parole Bd., 131 AD3d 1332, 1333 [2015] [citations omitted]). Accordingly, Supreme Court properly granted respondent's motion to dismiss the petition.
Garry, P.J., Clark, Mulvey, Aarons and Pritzker, JJ., concur.
ORDERED that the judgment is affirmed, without costs.