Matter of Moses v New York State Dept. of Corr. & Community Supervision
2026 NY Slip Op 03485
June 4, 2026
Appellate Division, Third Department
Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.
This decision is uncorrected and subject to revision before publication in the Official Reports.

In the Matter of Thalia Moses, Appellant,
v
New York State Department of Corrections and Community Supervision et al., Respondents.

Decided and Entered:June 4, 2026
CV-24-1938
Calendar Date: April 29, 2026
Before: Clark, J.P., Aarons, Pritzker, Mackey And Corcoran, JJ.

Beldock Levine & Hoffman LLP, New York City (Marc A. Cannan of counsel), for appellant.
Letitia James, Attorney General, Albany (Sean P. Mix of counsel), for respondents.

[*1]
Pritzker, J.
Appeal from a judgment of the Supreme Court (Sarah Rakov, J.), entered October 28, 2024 in Albany County, which, in a proceeding pursuant to CPLR article 78, granted respondents' motion to dismiss the petition.
Petitioner is the fiancée of an incarcerated individual (hereinafter the fiancé) in the custody of respondent Department of Corrections and Community Supervision (hereinafter DOCCS). After a June 2023 incident took place at Auburn Correctional Facility while petitioner was visiting the fiancé, respondent Joseph E. Corey, Superintendent of Upstate Correctional Facility, indefinitely suspended petitioner's visitation rights. Petitioner appealed this suspension and requested a hearing, which was held in November 2023. Following the hearing, a Hearing Officer determined, as pertinent here, that DOCCS had reasonable cause to suspend petitioner's visiting privileges indefinitely. The Hearing Officer's decision was dated January 2, 2024 and stated that an appeal therefrom must be taken in writing "within 60 days of the date this decision was issued." Petitioner received the Hearing Officer's decision in an envelope with a postage meter stamp reflecting a date of January 8, 2024. On March 13, 2024, DOCCS received a letter from petitioner dated March 11, 2024, appealing the Hearing Officer's decision. In response, associate counsel for DOCCS informed petitioner that her appeal could not be considered because it was untimely taken.
Petitioner commenced this CPLR article 78 proceeding, requesting that the Hearing Officer's determination be vacated, her visitation privileges reinstated and all records in the custody of DOCCS regarding allegations of misconduct against petitioner related to the June 2023 incident be expunged. Respondents moved pre-answer to dismiss the petition on the basis that, among other things, petitioner failed to exhaust her administrative remedies by taking a timely administrative appeal, which motion petitioner opposed. Supreme Court granted respondents' motion and dismissed the petition finding that petitioner's administrative appeal was untimely and, as such, she failed to exhaust her administrative remedies. Petitioner appeals.
"It is well settled that one who challenges an administrative action must exhaust all available administrative remedies before seeking judicial review" (Matter of Palm v King, 122 AD3d 1110, 1111 [3d Dept 2014] [citations omitted]; see Watergate II Apts. v Buffalo Sewer Auth., 46 NY2d 52, 57 [1978]). "Failure to timely file or perfect an administrative appeal constitutes a failure to exhaust administrative remedies that precludes review pursuant to CPLR article 78" (Matter of Palm v King, 122 AD3d at 1111 [citations omitted]; see Matter of Foster v New York State Parole Bd., 131 AD3d 1332, 1332-1333 [3d Dept 2015]). Pursuant to 7 NYCRR 201.4, a visitor whose visitation rights are suspended for six months or more by the Superintendent may appeal said suspension to DOCCS's Commissioner and request a [*2]hearing. After the hearing, the Hearing Officer "shall issue a written decision within 60 days of the completion of the hearing" (7 NYCRR 201.5 [a] [6] [emphasis added]). "Such decision shall be effective 60 days after issuance unless appealed" (7 NYCRR 201.5 [a] [6] [emphasis added]). The visitor may appeal the Hearing Officer's decision and "[s]uch appeal must be taken within 60 days of the date the decision [of the Hearing Officer] was issued" (7 NYCRR 201.5 [a] [7] [emphasis added]).
DOCCS, in denying petitioner's administrative appeal as untimely, interpreted the issuance date to be the date the decision was rendered, thus her 60-day window began on January 2, 2024, the date the decision was signed. Supreme Court rejected this interpretation and instead found that, based upon CPLR service by mail provisions, "[p]etitioner had [60] days to appeal the [H]earing [O]fficer's decision from the date of mailing to her attorney . . . January 8, 2024." Although we do not agree with Supreme Court's reasoning and application of CPLR services rules, for the reasons that follow, we do agree that petitioner's 60-day appeal window began to run on the date the decision was mailed.
To that end, "[this Court] will generally 'defer to an administrative agency's rational interpretation of its own regulations in its area of expertise' unless that interpretation conflicts with the plain meaning of the regulatory language" (Matter of Developmental Disabilities Inst., Inc. v New York State Off. for People with Dev. Disabilities, 214 AD3d 1101, 1103 [3d Dept 2023], quoting Matter of Peckham v Calogero, 12 NY3d 424, 431 [2009]). The ordinary meaning of the verb "issue" is "to put forth or distribute usually officially" (Merriam-Webster Online Dictionary, issue [https://www.merriam-webster.com/dictionary/issue]). Such a definition makes clear that issuance is more than just rendering and signing a decision, but rather includes some kind of publication or notification to the parties of same. As such, respondents' interpretation conflicts with the plain meaning of the regulatory language and is therefore irrational and not accorded deference (see Matter of Waterfront Ctr. for Rehabilitation & Healthcare v New York State Dept. of Health, 162 AD3d 1717, 1718-1719 [4th Dept 2018]; Matter of Mid Is. Therapy Assoc., LLC v New York State Educ. Dept., 129 AD3d 1173, 1175-1176 [3d Dept 2015]; Matter of Heinlein v New York State Off. of Children & Family Servs., 60 AD3d 1472, 1473 [4th Dept 2009]).
This definition is consistent with other provisions of this regulation, most notably that the Hearing Officer's decision does not become effective until "60 days after issuance unless appealed" (7 NYCRR 201.5 [6]). Clearly, this 60-day "stay" corresponds with the 60-day time period that the visitor has to appeal. However, if issuance is defined as the date the decision is rendered, the visitor could have significantly less than 60 days to request an appeal if mailing is delayed. This [*3]case provides an example of this; although the decision was dated January 2, 2024, the envelope was not stamped by a postage meter until January 8, 2024. We do not know the date it was actually placed in the mail. Even if mailed the same day it was postmarked, and received two days later, over a week of the visitor's 60-day time to appeal, measured from the date signed, would have elapsed at the time of receipt. Additionally, this interpretation is consistent with the previous section of respondents' regulations, 7 NYCRR 201.4 (b), which details the procedure for when a visitor is suspended for a term of less than six months. This procedure includes the right to appeal from the Superintendent's written notice suspending the visitor (see 7 NYCRR 201.4 [b] [1] [ii]). Pursuant to 7 NYCRR 201.4 (b) (2) (ii), a visitor can appeal a suspension to DOCCS's Commissioner, who "shall render a written decision within 45 days of receipt of the appeal" (emphasis added).FN1 Unlike 7 NYCRR 201.5, where the appeal window from the time of issuance is tied to the 60-day "stay" before the Hearing Officer's decision goes into effect, the "render[ing]" of the Commissioner's decision on the appeal is not tied to any corresponding date as it is the final stage in the administrative process for a suspension of less than six months (7 NYCRR 201.4).
Moreover, although respondents cite to other cases supporting their interpretation, we find them to support this Court's interpretation, rather than respondents'. For example, respondents cite to Matter of Barry H. v Veronica S. (175 AD3d 427 [1st Dept 2019]). In that case, reference is made to the Family Court "issu[ing] its decision on the record . . . [and] did not issue a written finding of fact" (id. at 428). As the decision was issued on the record, the parties were present at the time it was pronounced and notified of same. Similarly, respondents also cite to Matter of Puchalski v Depew Union Free Sch. Dist. (119 AD3d 1435 [4th Dept 2014]), in which a hearing officer was described as "issu[ing] a decision" on January 15, 2013, which was the same day the decision was emailed to the parties' attorneys (id. at 1435-1436), again tying issuance to the date the decision was made public and the parties given notice of same.
Given the foregoing, here, the issuance date of the Hearing Officer's decision is the day it was placed in the mail. However, respondents' submissions in support of their motion to dismiss do not reveal this date. Although the record contains a copy of the envelope in which the decision was mailed, it shows only the date the envelope was put through a postage meter, which "is not the equivalent of a postmark date" (Matter of Gallo v Turco, 131 AD3d 785, 787 [3d Dept 2015]; accord Matter of Bainton v New York Dept. of Motor Vehs., 179 AD3d 1211, 1212 [3d Dept 2020]). Respondents have not proffered an affidavit of mailing to establish the date it was placed in the mail. As such, respondents did not meet their burden [*4]of establishing that claimant's appeal was untimely, which would constitute a failure to exhaust her administrative remedies, and it was error for Supreme Court to grant the motion to dismiss (see generally Lambos v Karabinis, 239 AD3d 1060, 1061-1062 [3d Dept 2025]; Matter of Richmond Med. Ctr. v Daines, 101 AD3d 1434, 1436 [3d Dept 2012]; compare Matter of Palm v King, 122 AD3d at 1112). As "respondents failed to address their alternate ground[s] for dismissal upon the present appeal, their motion is denied and the matter remitted so that they may have the opportunity to serve an answer" (Matter of Stack v City of Glens Falls, 169 AD3d 1220, 1222 [3d Dept 2019]; see Huen N.Y., Inc. v Board of Educ. Clinton Cent. School Dist., 67 AD3d 1337, 1337-1338 [4th Dept 2009]).
Clark, J.P., Aarons, Mackey and Corcoran, JJ., concur.
ORDERED that the judgment is reversed, on the law, without costs, motion denied and matter remitted to the Supreme Court to permit respondents to serve an answer within 20 days of this Court's decision.

Footnotes

Footnote 1
Respondents do not explain why, if issuing and rendering are the same thing, 7 NYCRR 201.4 and 7 NYCRR 201.5 do not use the same term.